**Justin M. CORLISS, Appellant**

v.

**Ben VARNER, David Wakefield, Guard Lear, Guard Greenfield, and John Creider.**

Commonwealth Court of Pennsylvania.

Submitted March 16, 2007.

Decided July 24, 2007.

Publication Ordered Oct. 17, 2007.

Justin M. Corliss, appellant, pro se.

Raymond W. Dorian, Asst. Counsel, Camp Hill, for appellees.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY President Judge LEADBETTER.

Justin M. Corliss (Corliss) appeals *pro se* from the February 1, 2006 order of the Court of Common Pleas of Huntingdon County (common pleas) dismissing his complaint in negligence against employees of the Department of Corrections. Common pleas dismissed the complaint pursuant the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. §§ 6601–6608, which authorizes the dismissal of litigation if the prisoner has filed previous "prison conditions litigation"[1] and three or more of those actions have been dismissed as frivolous, malicious or as failing to state a claim. Discerning no merit in Corliss's contentions that common pleas misapplied the PLRA, we affirm.

---

1. That term is defined as follows:

A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

42 Pa.C.S. § 6601.

In March of 2002, Corliss filed a complaint alleging that prison personnel negligently placed him with a cellmate who subsequently assaulted him. When he filed his complaint, Corliss applied for leave to proceed *in forma pauperis* (IFP), which the trial court granted on March 13, 2002. On July 24, 2002, the Department petitioned for revocation of Corliss's IFP status and dismissal of his complaint. Therein, the Department averred that prior to filing the present action Corliss had filed several actions in federal court, which had been dismissed as frivolous under 28 U.S.C. § 1915(e)(2), a federal act comparable in purpose and effect to Pennsylvania's PLRA.[2] In particular, the Department listed four actions filed in federal district court and one appeal to the Court of Appeal for the Third Circuit all of which were dismissed for failing to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2). When, more than three years later, common pleas heard argument on several outstanding motions, including cross-motions for summary judgment, the Department reminded the court that its July–2002 petition to revoke IFP status and dismiss the complaint remained undecided. Shortly thereafter, in December of 2005, Corliss moved for rescission of his IFP status, averring that he had "since obtained the means to pay the costs and fees attendant to this action" and that he had paid the filing fee, in full, on June 4, 2005. On February 1, 2006, common pleas dismissed Corliss's action pursuant to Section 6602(f) of the PLRA, which authorizes dismissal where three or more "prison conditions litigation" actions have been

dismissed as frivolous. Following the dismissal of his claim, Corliss filed the present appeal.[3]

On appeal, Corliss first argues that the court misapplied the PLRA provision authorizing dismissal of certain prison litigation cases when it dismissed his complaint after it had granted IFP status, maintained the case as active for four years and tentatively placed it on the trial list. He maintains that dismissal, at such an advanced stage, is an absurd result, which the legislature could not have intended. Corliss further asserts that application of the PLRA in this manner is contrary to the holding in *Grosso v. Love*, 667 A.2d 43 (Pa.Cmwlth.1995), wherein our court ruled that dismissal pursuant to Pa. R.C.P. No. 240(j) cannot occur after the grant of IFP status.

In *Grosso*, our court ruled that dismissal of a prisoner's complaint as frivolous under Pa. R.C.P. No. 240(j) could occur only before the grant of an IFP petition. Rule 240, titled "In Forma Pauperis," in pertinent part, provides:

(j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court *prior to acting upon the petition* may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa. R.C.P. No. 240(j) (emphasis added). This rule and the restraint applied in *Grosso* as to the time in which an action may be

**2.** In general, the federal act provides that notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

**3.** On December 14, 2006, the Superior Court transferred the appeal to this court.

dismissed, simply are not applicable in the present case. Here, common pleas did not dismiss the case under the authorization of Rule 240(j). Rather, the court applied the provisions in the PLRA, which authorizes the dismissal "at any time" of prison conditions litigation that due to repetitive meritless actions constitutes an abuse of the legal system.

In *Payne v. Department of Corrections,* 582 Pa. 375, 871 A.2d 795 (2005), upholding the constitutionality of the provisions in the PLRA for dismissal of repetitive actions lacking merit, the court noted:

> [O]ur General Assembly enacted the [PLRA] in 1998, modeling it after the federal Prison Litigation Reform Act enacted in 1995.... The federal statute is intended to promote administrative redress, to filter out groundless claims, and to foster better prepared litigation of prisoner claims. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). To achieve such purpose, both the federal and Pennsylvania PLRA set forth guidelines to be followed in prison conditions litigation.

582 Pa. at 383, 871 A.2d at 800. Section 6602 of Pennsylvania's PLRA establishes prisoner filing requirements, including specified documentation to support a petition requesting IFP status and, pertinent to the present case, in subsections (e) and (f) authorizes dismissal of a prisoner claim under specified circumstances. Section 6602(e) provides:

> (e) **Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> (1) The allegation of indigency is untrue.
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a

claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude relief.

> The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

42 Pa.C.S. § 6602(e)(2). Section 6602(f), commonly referred to as the "three strikes rule," provides:

> (f) **Abusive litigation.**—If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

Common pleas properly characterized the issue arising under the PLRA as whether Corliss's action qualifies as abusive under subsection (f), not whether Corliss should remain in IFP status. In its opinion, common pleas reviewed the nature

of the litigation in each of the cases to which the Department points, stating:

[T]he first decision of the United States District Court that is relevant to the issue in this case is *Corliss v. Stephan,* No. 3:CV–00–1278. In that case, Mr. Corliss sued Monroe County prosecutors and public defenders claiming they violated his civil rights by conspiring to obtain and preserve a guilty verdict against an otherwise innocent person.

By order dated January 19, 2001, Judge A. Richard Caputo dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(B)(i). This judgment would be the first strike under Section 6602(f)(1) since the definition of prison conditions litigation includes a civil proceeding arising from "the effects by a government party on the life of an individual confined in prison."

The decision of the United States Court of Appeals for the Third Circuit on February 20, 2002, dismissing Mr. Corliss's appeal of Judge Caputo's January 19, 2001, order pursuant to 28 U.S.C. § 1915(e)(2)(B) would be the second strike since the definition of prison conditions litigation specifically "includes an appeal."

A third strike is found in the opinion and order of Judge Caputo dated July 17, 2001, dismissing the case of *Corliss v. Martin Horn,* No. 3:CV–01–0229. In that case, Mr. Corliss claimed a constitutional violation based on the refusal of the Department of Corrections (DOC) to permit him to have contact visits with his minor children. Clearly, the case was prison conditions litigation.

The final exhibit and the most interesting was Exhibit E which was Judge Caputo's March 21, 2002, order dismissing the case *Corliss v. Ben Varner,* No. 3:CV–02–0282. We were immediately curious about the case since the caption was the same as the caption in this case. Thanks to electronic filing, we were quickly able to obtain a copy of the complaint and determined it was filed in U.S. District Court on February 21, 2002, four days before the complaint in this case was mailed to the Prothonotary. The pleading contained one hundred sixty-two paragraphs and eight causes of action. The facts set forth in the complaint filed in the case sub judice were set forth in the federal suit and was Count 7 of the federal case.

Judge Caputo dismissed the action under the three strikes provision found at 28 U.S.C. § 1915(g). He wrote in his order that "[S]ince December, 1999, Corliss has initiated seven (7) civil actions in this court" and that many had been dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Thus, the very same claim that is the subject matter of the case pending in this court was submitted to the United States District Court for the Middle District of Pennsylvania and was dismissed by that court under the federal equivalent of section 6602(f).

*Corliss v. Varner,* (No. 02–260, filed February 1, 2006), 2006 WL 3697290 memorandum op. at 6–8. In addition, the court correctly noted that federal cases will count as strikes for purposes of Section 6602(f) of the PLRA. *Brown v. James,* 822 A.2d 128, 130 (Pa.Cmwlth.2003).[4]

4. There is no merit in Corliss's contention that common pleas erred in considering federal cases dismissed prior to our court's decision in *Brown.* In arguing that common pleas "retroactively" applied *Brown,* Corliss misunderstands the *Brown* ruling, which did not announce a new principle of substantive law for purely prospective application but

The record supports common pleas' findings regarding the nature and ultimate disposition of the actions listed above.[5] Consequently, these actions qualify as sufficient "strikes" to justify the dismissal of the present action pursuant to Section 6602(f).

Accordingly, we affirm.

## *ORDER*

AND NOW, this 24th day of July, 2007, the February 1, 2006 order of the Court of Common Pleas of Huntingdon County in the above captioned matter is hereby AFFIRMED.

rather applied the definition of "prison conditions litigation" as the PLRA has defined that term since its enactment in 1998. The cases considered by common pleas under the "three strikes rule" were all filed prior to the instant case and, therefore, properly qualified for consideration.

5. No record support exists for Corliss's assertion, in his brief, that the federal court reinstated a claim asserted in the last action relied on by common pleas.