George Ivan LOPEZ, Appellant

v.

Security Captain, C. HAYWOOD, CO–
Martucci, CO–McConville, Unit Man-
ager, Vidonish, Capt. Walker, Lt.
Armstrong, Lt. Barerfelt, Lt. Kennedy,
Supt. Folino, Jane and John Doe, Dan
Davis Grievance Coordinator, et al.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 2011.
Decided Feb. 9, 2012.

George Ivan Lopez, pro se.

Travis S. Anderson, Assistant Counsel,
Mechanicsburg, for appellees.

BEFORE: McGINLEY, Judge, and
COHN JUBELIRER, Judge, and
FRIEDMAN, Senior Judge.

OPINION BY Judge COHN
JUBELIRER.

George Ivan Lopez (Lopez) appeals
from the Order of the Court of Common
Pleas of Greene County (trial court), which
granted the Motion to Revoke *In Forma
Pauperis* (*IFP*) Status and Dismiss Lo-
pez's Petition for Review (Motion) pursu-
ant to Section 6602(f) of the Prison Litiga-
tion Reform Act (PLRA), 42 Pa.C.S.
§ 6602(f) (relating to the revocation of *IFP*
status and dismissal of prison conditions
litigation based on prior abusive litigation),
filed by Security Captain C. Haywood,
CO–Martucci, CO–McConville, Unit Man-
ager Vidonish, Capt. Walker, Lt. Arm-
strong, Lt. Barerfelt, Lt. Kennedy, Supt.
Folino, Jane and John Doe, and Dan

Davis, Grievance Coordinator, et al. (collectively, Defendants). The trial court revoked Lopez's *IFP* status and dismissed Lopez's Petition for Review "and all other matters pending in this case." (Trial Ct. Order, March 14, 2011.) On appeal, Lopez argues that the trial court erred and abused its discretion in: revoking his *IFP* status and dismissing his Petition for Review without allowing him to pay the filing fee pursuant to Pennsylvania Rule of Civil Procedure No. 240(e) (providing that a party granted *IFP* status has a continuing obligation to inform the court of any change in financial condition that would enable the party to pay costs); and dismissing his Motion for Special Relief, in which he asserted that he was in imminent danger of serious bodily injury.

Lopez is an inmate incarcerated at the State Correctional Institution at Greene (SCI–Greene), and Defendants are SCI-Greene employees and officials. On November 8, 2010, Lopez filed a Petition for Review in this Court's original jurisdiction, which this Court transferred to the trial court by order dated December 9, 2010. Lopez filed his Petition to Proceed *IFP* on January 24, 2011, which the trial court granted, and the Sheriff served the Petition for Review on Defendants on January 25, 2011. Defendants filed their Motion requesting that the trial court revoke Lopez's *IFP* status and dismiss the Petition for Review pursuant to the "three strikes" provision of Section 6602(f) of the PLRA on February 4, 2011. On or about March 10, 2011, Lopez filed his Motion for Special Relief asserting, *inter alia*, that Defendants were retaliating against him for engaging in constitutionally-protected activity by placing him, for 180 days, in a Restricted Housing Unit (RHU) that housed mentally ill and/or psychotic prisoners who bang against their cell doors and sinks night and day, urinate and defecate in their cells, and play with their own feces. Lopez contended that placing him and keeping him in close proximity of these prisoners, when he is not mentally ill or psychotic, after he has requested that he or they be moved and where there are other RHU cells available, constitutes "psychological torture" and "institutional domestic terrorism." (Motion for Special Relief ¶¶ 3, 12.) Lopez averred that, as a result of this treatment, he sleeps only a few hours every few days, is on the verge of a nervous breakdown, and has anxiety attacks. Lopez requested a Temporary Restraining Order requiring Defendants to, *inter alia,* move the mentally ill prisoners away from Lopez, move Lopez away from the mentally ill prisoners to either G–Unit at SCI–Greene or to death row, J-block at State Correctional Institute–Graterford, and require Defendants to pay all of Lopez's litigation costs. (Motion for Special Relief ¶¶ 1–7, 9–13, 15, and conclusion.)

The trial court issued its Order in which it found the following: (1) Lopez had at least three prison conditions actions dismissed as frivolous or malicious; (2) contrary to Lopez's assertions, the present action is a prison conditions litigation[1] matter within the meaning of the PLRA because it concerns the effect of actions by a government party, Defendants, on the life of a person confined to a prison; and (3) Lopez's allegations in the Motion for

1. Section 6601 of the PLRA defines "prison conditions litigation" as follows:
    A civil proceeding arising in whole or in part under Federal or State law *with respect to the conditions of confinement or the effects of actions by a government party on the*
    *life of an individual confined in prison.* The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.
    42 Pa.C.S. § 6601 (emphasis added).

Special Relief did not rise to the level of a credible allegation that he is in imminent danger of serious bodily injury. (Trial Ct. Order.) Accordingly, the trial court granted Defendants' Motion and dismissed the Petition for Review, along with all other matters before it on this case. While the Motion was pending, Lopez attempted to pay the filing fee, but the trial court dismissed the case before he could do so. Lopez now appeals to this Court.[2]

Lopez argues that the trial court erred and abused its discretion by revoking his *IFP* status and dismissing his Petition for Review while he was, in good faith, attempting to pay the necessary filing fee for his Petition for Review, which resulted in the violation of his due process and equal protection rights. Lopez maintains that, on or around February 28, 2011, he filed a document with the trial court indicating, pursuant to Pa. R.C.P. No. 240(e), that his financial means had changed, he wanted to pay the filing fee for the Petition for Review, and Defendants' Motion should be moot in light of his payment of the filing fees. According to Lopez this correspondence was never docketed, as required by Pa. R.C.P. No. 113, and, similarly, his correspondence with the Greene County Prothonotary (Prothonotary) and his check for $80 to cover the filing fees also were not docketed. (Lopez's Br. at 9.) Lopez contends that the failure to docket this information reflected the trial court's bias and abuse of discretion against Lopez and that Prothonotary held his $80 check until after the trial court dismissed the Petition for Review.

Defendants respond that this matter "presents an issue of first impression: whether an abusive litigator under [the] . . . PLRA can prevent the dismissal of his prison[ ] conditions lawsuit when he offers to pay the filing fee after his *IFP* status has been revoked." (Defendants' Br. at 7.) Defendants contend that the dismissal of the Petition for Review should be upheld and that the payment of the filing fee after an abusive litigator's *IFP* status is revoked is not approved by the PLRA as a means for an abusive litigator to revive a dismissed prison conditions case. Defendants assert that, pursuant to the PLRA, " 'a prisoner loses the opportunity to proceed [*IFP* ] after he files three prison conditions lawsuits that are dismissed as frivolous.' " (Defendants' Br. at 8, quoting *Jae v. Good,* 946 A.2d 802, 807 (Pa.Cmwlth.2008).) According to Defendants, there is nothing in the PLRA or the Rules of Civil Procedure that obligated the trial court to allow Lopez to pay the filing fee and the principles of equity mitigate against accepting Lopez's position because it would allow Lopez to retain the benefits of having *IFP* status at the early stages of his proceeding by not having to pay the costs associated with serving the Petition for Review.

The PLRA describes the manner in which prisoners can engage in prison conditions litigation, setting forth, *inter alia,* the definitions of such litigation, the filing fees to be paid, and the ability of a trial court to dismiss such litigation for various reasons. For example, Section 6602(a) of the PLRA, 42 Pa.C.S. § 6602(a), provides, *inter alia,* that a prisoner seeking to engage in prison conditions litigation without the payment of fees, i.e., seeking to obtain *IFP* status, is required to submit a certified copy of the prisoner's account statement for the six months preceding the litigation and a statement of the prisoners other assets, if any. The trial court shall deny *IFP* status under certain circum-

---

**2.** "Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Brown v. Beard,* 11 A.3d 578, 580 n. 5 (Pa.Cmwlth.2010).

stances, such as if the prisoner did not submit the required documentation, the average highest monthly balance of the prisoner's account exceeds the amount of the filing fee, or another reason exists under the Pennsylvania Rules of Civil Procedure. 42 Pa.C.S. § 6602(a)(2). Section 6602(e) of the PLRA states that:

> **(e) Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> (1) The allegation of indigency is untrue.
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude relief.

42 Pa.C.S. § 6602(e). In relevant part, Section 6602(f) of the PLRA sets forth the following:

> **(f) Abusive litigation.**—If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2);
>
> . . . .
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

In *Jae*, this Court addressed the constitutionality of the "three strikes rule" set forth in Section 6602(f), stating:

> The "three strikes rule" of Section 6602(f) of the PLRA *does not prevent prisoners from filing any number of civil actions challenging prison conditions. It only restricts their ability to pursue such actions [IFP ]*. There is a legitimate governmental interest in deterring frivolous law suits,[14] and Section 6602(f) advances that goal rationally by *depriving an abusive litigator of the ability to proceed [IFP]*. Further, the legislation balances the need to deter prisoners from filing frivolous litigation against the need to protect prisoners from physical harm.

---

[14] No litigant, indigent prisoner or otherwise, is permitted to prosecute a lawsuit which fails to state a claim upon which relief may be granted. The United States Supreme Court stated, "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of . . . sanctions." *Lewis v. Casey*, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

*Jae*, 946 A.2d at 809 (emphasis added). In *McCool v. Department of Corrections*, 984 A.2d 565 (Pa.Cmwlth.2009), we noted that, "the consequences of the three strikes rule' deprive the prisoner of the ability to pursue his claim [IFP ]. *He could, however, proceed by paying costs.*" *Id.* at 572 (citing *Jae*, 946 A.2d at 809) (citation omitted) (emphasis added). The trial court in *McCool* reviewed the merits of the prisoner's petition, dismissed the prisoner's *IFP* complaint pursuant to Section 6602(e)(2) because it did not state a cause of action and, on appeal, the prisoner argued that he should have been provided the opportunity to pay his filings fees and proceed. *McCool*, 984 A.2d at 572. We rejected this argument because the trial court had not dismissed the complaint under the "three strikes rule" of Section 6602(f), but for not stating a cause of action under Section 6602(e)(2), which permits dismissal *regardless* of any filing fees that are paid. *Id.*

■ We read *Jae* and *McCool* as allowing a prisoner, whose *IFP* status is revoked pursuant to the "three strikes rule," to be able to "proceed by paying costs" before the trial court dismisses the action in its entirety under Section 6602(f), particularly where the prisoner has already paid or, as here, has attempted to pay the fees prior to the dismissal of the matter.[3] *McCool*, 984 A.2d at 572 (citing *Jae*, 946 A.2d at 809). "Proceed" is defined, *inter alia*, as to "continue," "to go on . . . with what has begun," "go forward from a point already arrived at," and "to carry on a legal action or process." Webster's Third New International Dictionary 1807 (2002). We note that, in *Jae*, this Court held that Section 6602(f) was constitutional *because* it "does not, standing alone, violate the prisoner's right of meaningful access to the courts" where all it does is preclude the prisoner from *proceeding IFP*.[4] *Jae*, 946 A.2d at 808. In other words, where a prisoner pays the filing fees and costs associated with commencing prison conditions litigation, whether at the initiation of the litigation or after the revocation of the prisoner's *IFP* status, the trial court should not dismiss the matter *solely* based on the "three strikes rule" because the prisoner is not *proceeding IFP*. Rather, the trial court must either allow the matter to proceed as any other litigation would or review the *particular* complaint to determine whether it should be dismissed under Section 6602(e)(2), which specifically authorizes the dismissal of prison conditions litigation, "[n]otwithstanding any filing fee which has been paid," where that particular litigation is, *inter alia*, frivolous, malicious, or does not state a claim.[5] 42 Pa. C.S. § 6602(e)(2). To allow a trial court to dismiss a prisoner's non-*IFP* prison conditions complaint based *solely* on the prior dismissals of other complaints essentially forecloses meaningful access to the courts to the prisoner absent allegations of "imminent danger of serious bodily injury," 42 Pa.C.S. § 6602(f), a result that is not constitutionally sound pursuant to *Jae*. *Jae*, 946 A.2d at 809. Thus, while the trial court may not have erred in revoking Lopez's *IFP* status based on Section 6602(f) because Lopez does not challenge the trial court's conclusion that Lopez had three strikes, the trial court should have provided Lopez a reasonable opportunity to "proceed" with his already-begun prison conditions litigation by paying his filing fees and costs *before* dismissing the matter in its entirety. However, if Lopez does not pay

---

**3.** Defendants do not dispute that Lopez attempted, after the filing of their Motion, to pay the filing fees associated with the Petition for Review. Indeed, they acknowledge that Lopez would be free to re-file his Petition for Review and pay the fees and costs associated with commencing an action.

**4.** We note that our holding in *Corliss v. Varner*, 934 A.2d 748 (Pa.Cmwlth.2007), which upheld the dismissal of a prisoner's prison conditions complaint pursuant to the three strikes rule despite the prisoner's payment of the filing fees after the defendants sought the revocation of the prisoner's *IFP* status and dismissal of the complaint, was prior to our decisions in *Jae* and *McCool*, in which we held that prisoners, who would otherwise be subject to the three strikes rule, can pursue their prison conditions litigation if they "proceed by paying costs." *McCool*, 984 A.2d at 572 (citing *Jae*, 946 A.2d at 809). Our earlier holding in *Corliss*, that a prisoner who pays the fees associated with filing a complaint continues to be subject to the three strike rule, i.e., which allows the trial court to dismiss the complaint without having to review whether *that* particular complaint is frivolous or without merit under Section 6602(e)(2), would now appear to have been overruled by our holdings in *Jae* and *McCool*.

**5.** Thus, our holding does not foreclose the trial court from reviewing the present filings to determine whether Lopez's claims would be subject to dismissal under Section 6602(e)(2).

the fees costs associated with the filed Petition for Review as directed by the trial court, the matter should be dismissed.

We recognize Defendants' objection to Lopez proceeding without having to pay certain other costs of commencing a legal action, such as sheriff's service. Our holding in this matter requires the prisoner to pay not only the filing fees, but also the costs that would be associated with commencement of the legal action had the prisoner not been granted *IFP* status to preclude the action from being dismissed. However, we also recognize the need for judicial efficiency and economy, which we believe would not be served by having Lopez file new documents with the trial court and serving them on Defendants at some time in the future. Indeed, Defendants' suggestion would require Lopez to not only repeat his efforts, but would also require Defendants to repeat their efforts in reviewing Lopez's new filings to ensure that no new claims are raised, file new motions, objections, etc., and the trial court to repeat its efforts by having to establish a new docket, review the new filings, etc. Such repeated efforts result in the expending of additional costs and time by all involved and are not conducive to judicial efficiency and economy.

■ Lopez also asserts that the trial court erred in dismissing his Motion for Special Relief because he credibly alleged therein that he was in "imminent danger of serious bodily injury." 42 Pa.C.S. § 6602(f). We agree, however, with the trial court that Lopez's allegations "do not rise to the level of credible allegations that [Lopez] is in imminent danger of serious bodily injury" so as to prevent the dismissal of the Motion for Special Relief. (Trial Ct. Order.) Pursuant to Section 6602(f), a prisoner can avoid the dismissal "only if he

has made 'a credible allegation that [he] is in imminent danger of serious bodily injury'" in seeking injunctive relief. 42 Pa. C.S. § 6602(f); *Brown v. Beard*, 11 A.3d 578, 581 (Pa.Cmwlth.2010). Our Supreme Court has defined "imminent danger," stating "[t]o be imminent, the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Commonwealth v. Capitolo*, 508 Pa. 372, 379, 498 A.2d 806, 809 (1985). We note that Lopez's allegations in his Motion for Special Relief do not allege any "serious bodily injury" resulting from his confinement in the RHU; rather, he alleges that he was on the *verge* of a mental breakdown as a result of being housed with mentally ill prisoners in the RHU. (Motion for Special Relief ¶ 10.) Moreover, Lopez was assigned to spend 180 days in the RHU as of October 18, 2010, which expired on April 16, 2011. Accordingly, it appears that Lopez's allegations set forth in the Motion for Special Relief would be moot since more than nine months have passed since the expiration of his placement in the RHU.[6] Thus, any danger Lopez might experience in the future were he to be placed in the RHU again would be speculative in nature. In *Brown*, we rejected allegations of "imminent danger of serious bodily injury" that were speculative as the prisoner in *Brown* was not a prisoner at the alleged offending institution when he filed his request for injunctive relief. *Brown*, 11 A.3d at 581.

Accordingly, we affirm the trial court's Order to the extent it revoked Lopez's *IFP* status pursuant to Section 6602(f) and dismissed the Motion for Special Relief, we vacate the Order to the extent that it dismisses Lopez's Petition for Review, and we remand this matter to the trial court to order the Prothonotary to compile a list of the filing fees and costs associated with

---

**6.** These allegations are separate from those

made in Lopez's Petition for Review.

this matter that Lopez would have had to pay had he not been granted *IFP* status and provide that information to Lopez within 20 days of this Court's Order, and we direct the trial court to order Lopez to pay those fees and costs within 60 days of his receiving the information from the Prothonotary.

### ORDER

**NOW,** February 9, 2012, the Order of the Court of Common Pleas of Greene County (trial court) in the above-captioned matter is hereby: **AFFIRMED** to the extent it revoked George Ivan Lopez's *in forma pauperis* (*IFP*) status pursuant to Section 6602(f) of the Prison Litigation Reform Act, 42 Pa.C.S. § 6602(f), and dismissed Lopez's Motion for Special Relief; and **VACATED** to the extent that it dismisses Lopez's Petition for Review; and **REMANDED** to the trial court to order the Prothonotary of Greene County (Prothonotary) to compile a list of the filing fees and costs associated with this matter that Lopez would have had to pay had he not been granted *IFP* status and provide that information to Lopez within 20 days of this Court's Order, and direct Lopez to pay those fees and costs within 60 days of his receiving the information from the Prothonotary.

Jurisdiction relinquished.