# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
        Appellant : 
    v. : No. 1752 C.D. 2014
      : Submitted: July 17, 2015
Conner Blaine, Jr., Lt. R. Oddo, : 
T.D. Jackson, Lieutenant McCombic, : 
Charles Rossi, Sergeant Lipscomb, : 
Officer Marshall, Officer Romano, : 
Kerri Cross, Frank J. Zaborowski and : 
B.E. Ansell : 


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**           **FILED: November 17, 2015**


Alton D. Brown (Appellant or Brown) appeals *pro se* from an Order of the Court of Common Pleas of Greene County (Trial Court) ordering him to pay a total of $214.50 for court fees associated with a civil rights action he filed in 2002. (Certified Record (R.) Item No. 12, Trial Court's Order, 9/15/14.) Appellant is incarcerated in the Pennsylvania prison system, and in 2002, he filed an action against various guards, officers and employees (collectively, Appellees or Defendants) of the Pennsylvania Department of Corrections (DOC). In

conjunction with his complaint, Brown filed a petition to proceed *in forma pauperis* (IFP), which was granted on April 12, 2002.

This case has a long procedural history, but relevant to this appeal, on September 20, 2011, Defendants filed a Motion to Remove IFP and Dismiss the Case (R. Item 41) and on November 3, 2011, the Trial Court granted the motion, found Brown to be an abusive litigator,[1] and dismissed his case under Pennsylvania's Prisoner Litigation Reform Act (PLRA), 42 Pa. C.S. §§ 6601-6608. (R. Item No. 35, Trial Court's Memorandum and Order.) Brown appealed to this

---

[1] Section 6602(f) of the PLRA, 42 Pa. C.S. § 6602(f), commonly referred to as the "three strikes rule," allows the trial court to dismiss a prisoner's *in forma pauperis* complaint where the prisoner has a history of filing frivolous litigation. *Jae v. Good*, 946 A.2d 802, 807 (Pa. Cmwlth.), *appeal denied*, 959 A.2d 930 (Pa. 2008). In his lawsuit, Brown made no allegation of imminent danger, thus Brown cannot prevent the dismissal of his prison conditions litigation by using the exception provided in Section 6602(f)(2) of the Pennsylvania Prisoner Litigation Reform Act, 42 Pa. C.S. § 6602(f)(2).

In *Brown v. Pennsylvania Department of Corrections*, 58 A.3d 118 (Pa. Cmwlth 2012), this Court aptly summarized Brown's prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement, quoting this Court's decision in *Brown v. Pennsylvania Department of Corrections (Brown I)*, (Pa. Cmwlth., No. 93 M.D. 2011, filed March 29, 2012), slip op. at 12 n.7:

> Our research has shown that Brown has filed well over twenty *pro se* matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments. The matters have been filed in various Courts of Common Pleas, this Court, and in the Federal Courts throughout the country. With few exceptions, these matters have been dismissed as being frivolous, without merit, or for not demonstrating that Brown was in imminent danger of serious bodily injury.

58 A.3d at 121 (citations omitted).

Court, and in an unpublished memorandum opinion, *Brown v. Blaine*, (Pa. Cmwlth., No. 863 C.D. 2012, filed April 18, 2013), 2013 WL 3973380, we upheld the Trial Court's determination to revoke Brown's IFP status, but vacated that portion of the Trial Court's order that dismissed Brown's complaint and remanded, pursuant to *Lopez v. Haywood*, 41 A.3d 184, 188-89 (Pa. Cmwlth. 2012), for a determination of the amount of court fees Brown was required to pay in order to be able to proceed with the action.

By its September 15, 2014 Order, the Trial Court noted that the fee schedule provided by the prothonotary had changed in the past year, and found that under the current fee schedule, Brown was required to pay "$96.00 for a complaint, $83.50 for the Superior Court Fee, and $35.00 for the Lower Court Appeal Fee, for a total of $214.50 in order to proceed with the remand of this case." (R. Item 12, Trial Court's Order.)[2] Brown thereafter appealed the Trial Court's September 15, 2014 Order to this Court.[3]

In his brief, Appellant initially argued that under Sections 6602(a)-(c) of the PLRA, he was granted permission to prosecute his case without paying the *initial filing fee*, and that these sections cannot be construed to require him to pay any other litigation fees or costs in addition to the initial fee for filing the complaint. Thus, Appellant argued, the additional court fees that the Trial Court on remand determined to be retroactively due following the revocation of his IFP status were unlawful. However, after Appellees filed a brief identifying our

---

[2] We note that in its order, the Trial Court erroneously referred to the 'Opinion of the Pennsylvania Superior Court' and 'remand from the Superior Court', instead of to the Commonwealth Court's opinion and the Commonwealth Court's remand.

[3] Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Brown v. Beard*, 11 A.3d 578, 580 n.5 (Pa. Cmwlth. 2010).

Supreme Court's decision in *Payne v. Commonwealth Department of Corrections*, 871 A.2d 795, 805-07 (Pa. 2005), in which the Court declared Sections 6602(a)-(c) of the PLRA to be unconstitutional, as violative of its exclusive rulemaking authority, Appellant requested and received permission to file a reply brief.[4]

In his reply brief, Appellant abandons his argument that he is responsible solely for payment of the initial filing fee. However, he contends that he cannot pay what he does not have, and invokes Pa. R.C.P No. 240(f)(1)[5] as authority for his position that he is only required to pay costs or fees that may have accrued while he was proceeding IFP *at such time as he is able to do so* and that only the payment of fees due post-revocation of his IFP status and moving forward should be required in order to proceed.[6]

We can find little sense in Appellant's argument. Rule 240 of the Pennsylvania Rules of Civil Procedure quite clearly addresses the entitlement of a party who is without financial resources to proceed IFP and the manner in which a party must request such status. Rule 240(f)(1) exempts a party permitted to proceed IFP from payment of *any* cost or fee imposed. Here, however, Appellant's IFP status was revoked under Section 6602(f)(1) of the PLRA, and as this Court

---

[4] On August 26, 2015, this Court granted Appellant's Application for Special Relief to give him the opportunity to file a reply brief, and Appellant's Reply Brief was filed on September 24, 2015.

[5] Pa. R.C.P. No. 240 establishes that a party who is without financial resources to pay the costs of litigation is entitled to proceed IFP. Rule 240(f)(1) states: "A party permitted to proceed in forma pauperis shall not be required to (1) pay any cost or fee imposed or authorized by Act of Assembly or general rule which is payable to any court of prothonotary or any public officer or employee…"

[6] Appellant also attempts to renew his argument that this Court was in error when we affirmed the Trial Court's revocation of his IFP status; however, we address only those issues before us on the instant appeal.

4

determined in *Lopez v. Haywood*, 41 A.3d 184, 188-89 (Pa. Cmwlth. 2012), where a prisoner's IFP status has been revoked under Section 6602(f) of the PLRA, he or she must be provided the opportunity to pay the required filing fees and litigation costs prior to the dismissal of the complaint. In *Lopez*, we remanded to the trial court "to order the [p]rothonotary… to compile a list of the filing fees and costs associated with this matter that Lopez would have had to pay had he not been granted IFP status…" 41 A.3d at 188-190. In another of Brown's cases, *Brown v. Pennsylvania Department of Corrections*, 58 A.3d 118 (Pa. Cmwlth. 2012), we acknowledged that in light of our decision in *Lopez*, it was necessary to address the trial court's order dismissing his *pro se* complaint without first affording him the opportunity to pay his filings fees and litigation costs. In that case, we therefore vacated the order dismissing the complaint and remanded with instructions to the trial court for a compilation of "a list of the filing fees and costs associated with this matter that Brown would have been required to pay had he not be granted [IFP] status…" 58 A.3d at 125. In *Lopez* we recognized that to preclude an action from being dismissed, an abusive litigator should be required to pay certain other filings fees and costs "that would be associated with commencement of the legal action had the prisoner not been granted IFP status," such as the costs of sheriff's service. 41 A.3d at 189.

Appellees contend that Appellant must be required to pay all fees set forth in the Trial Court's order, and stand in the shoes of an ordinary civil litigant who had not been granted IFP status, and we agree; however, we must note that Appellees have mischaracterized the nature of a portion of these filing fees. Before this Court, Appellees state that by its order, the Trial Court has required Brown to pay, *inter alia*, a filing fee pertaining to his appeal to this Court from the

5

revocation of his IFP status. However, a reading of the voluminous certified record makes it apparent that the Trial Judge was imposing filing fees, in addition to the filing fee for the original complaint, for Brown's lower court appeal and for Brown's subsequent appeal to the Superior Court (transferred *sua sponte* to this Court on February 20, 2003). (R. Item No. 140, Opinion and Order; R. Item No. 137, Notice of Appeal to the Superior Court; R. Item 133.) Accordingly, we reject Appellees' contention that the implication of our decisions in *Lopez* and *Brown v. Department of Corrections* is that all court costs incurred, including fees and costs associated with Brown's appeal of his IFP status revocation, are required to be paid. In order to proceed, Appellant is responsible for payment of court fees and costs up to the time his IFP status was revoked, as well as any fees and costs going forward in his prison conditions litigation.

Appellant also argues that any fees due in order to proceed should not be calculated in accordance with current fee schedules, but rather in accordance with the prevailing rate in effect at the time he was granted IFP status, in 2002. Appellees contend that Appellant should be required to pay all fees assessed according to current fee schedules, and that Appellant otherwise would enjoy a benefit in the form of reduced costs by evading the consequences of being an "abusive litigator" for so long. We do not agree that a litigant should be required to pay today's rates, particularly here, where Defendants waited until the eve of trial, nine years after the complaint was filed, to file its Motion to Remove IFP. We find therefore that the appropriate filing fees and any court costs are those fees and costs in effect at the time the relevant complaint and subsequent appeals were filed. Accordingly, we remand with an instruction to issue a new order reflecting the Trial Court's determination of the appropriate fees and costs. If Brown

thereafter fails to pay the fees and costs, the Trial Court shall enter an order dismissing Brown's complaint with prejudice.

_____
JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
       :
       Appellant : 
       :
       v. : No. 1752 C.D. 2014
       :
Conner Blaine, Jr., Lt. R. Oddo, :
T.D. Jackson, Lieutenant McCombic, :
Charles Rossi, Sergeant Lipscomb, :
Officer Marshall, Officer Romano, :
Kerri Cross, Frank J. Zaborowski and :
B.E. Ansell :

## O R D E R

AND NOW, this 17th day of November, 2015, the September 15, 2014 order of the Court of Common Pleas of Greene County setting forth the required court fees to be paid by Plaintiff Alton D. Brown in order to proceed with his case is vacated. We remand this matter to the trial court, with instructions to issue a new order setting forth the appropriate court fees and costs that Brown will be required to pay, consistent with the accompanying memorandum opinion. If Brown thereafter fails to pay the fees and costs, the trial court shall enter an order dismissing Brown's complaint with prejudice.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge