# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                          :
                                                        :
                    Appellant                            :
                                                        :
          v.                                             : No. 1589 C.D. 2016
                                                        : Submitted: September 15, 2017
Conner Blaine Jr.; LT. R. Oddo,                          :
T.D. Jackson; Lt. McCombic;                              :
Charles Rossi; Sargeant Lipscomb;                        :
Officer Marshall; Officer Romano;                        :
Keri Cross; Frank J. Zaborowski; and                     :
B.E. Ansell                                              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  October 27, 2017**


          Alton D. Brown (Appellant or Brown) appeals *pro se* from the August

26, 2016 order of the Court of Common Pleas of Greene County (Trial Court)

dismissing his complaint with prejudice.  (Certified Record (R.) Items No. 5 and 16,

Trial Court Order.)  For the reasons set forth below, we vacate and remand to the

Trial Court, with instructions to provide Appellant thirty (30) days in which to pay

filing fees in the amount of $286.99 or have his complaint dismissed with prejudice.

          Appellant is incarcerated in the Pennsylvania prison system, and in

2002, he filed an action against various guards, officers and employees (collectively,

Appellees or Defendants) of the Pennsylvania Department of Corrections (DOC). In conjunction with his complaint, Brown filed a petition to proceed *in forma pauperis* (IFP), which was granted on April 12, 2002. On September 20, 2011, Defendants filed a Motion to Remove IFP and Dismiss the Case, and on November 3, 2011, the Trial Court granted the motion, found Brown to be an abusive litigator,[1] and dismissed his case under Pennsylvania's Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §§ 6601-6608. Brown appealed to this Court, and in an unpublished memorandum opinion, *Brown v. Blaine*, (Pa. Cmwlth., No. 863 C.D. 2012, filed April 18, 2013), 2013 WL 3973380, we upheld the Trial Court's determination to revoke Brown's IFP status, but vacated that portion of the Trial Court's order that dismissed Brown's complaint and remanded, pursuant to *Lopez v. Haywood*, 41 A.3d 184, 188-89 (Pa. Cmwlth. 2012), for a determination of the amount of court

---

[1] Section 6602(f) of the PLRA, 42 Pa. C.S. § 6602(f), commonly referred to as the "three strikes rule," allows the trial court to dismiss a prisoner's *in forma pauperis* complaint where the prisoner has a history of filing frivolous litigation. *Jae v. Good*, 946 A.2d 802, 807 (Pa. Cmwlth.), *appeal denied*, 959 A.2d 930 (Pa. 2008). In *Brown v. Pennsylvania Department of Corrections*, 58 A.3d 118 (Pa. Cmwlth. 2012), this Court summarized Brown's prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement, quoting this Court's decision in *Brown v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 93 M.D. 2011, filed March 29, 2012), slip op. at 12 n.7:

> Our research has shown that Brown has filed well over twenty *pro se* matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments. The matters have been filed in various Courts of Common Pleas, this Court, and in the Federal Courts throughout the country. With few exceptions, these matters have been dismissed as being frivolous, without merit, or for not demonstrating that Brown was in imminent danger of serious bodily injury.

58 A.3d at 121 (citations omitted).

fees Brown was required to pay in order to be able to proceed with the action. As this Court determined in *Lopez*, 41 A.3d at 188-89, where a prisoner's IFP status has been revoked under Section 6602(f) of the PLRA, he or she must be provided the opportunity to pay the required filing fees and litigation costs prior to the dismissal of the complaint.

By its September 15, 2014 Order, the Trial Court noted that the fee schedule provided by the Greene County Prothonotary had changed in the past year, and found that under the current fee schedule, Brown was required to pay $96.00 for a complaint, $83.50 for the Superior Court Fee, and $35.00 for the Lower Court Appeal Fee, for a total of $214.50 in order to proceed with the remand of this case. (R. Item 41.) Brown thereafter appealed the Trial Court's September 15, 2014 Order to this Court, and in an unpublished memorandum opinion, *Brown v. Blaine, Jr., Oddo, Jackson, McCombic, Rossi, Lipscomb, Marshall, Romano, Cross, Zaborowski and Ansell*, (Pa. Cmwlth. No. 1752 C.D. 2014, filed November 17, 2015), 2015 WL 7356181, this Court held that appropriate filing fees and court costs were those fees and costs in effect at the time the relevant complaint and subsequent appeals were filed, and remanded to the Trial Court, with an instruction to issue a new order reflecting its determination of the correct fees and costs. On March 3, 2016, the Trial Court issued an order determining that Appellant was required to pay $613.00 in court fees and costs; Appellant filed a Motion for Reconsideration, and on March 8, 2016, the Trial Court issued an Opinion and Order reaffirming its determination.[2] (R. Item 21.) On August 26, 2016, pursuant to its March 8, 2016

---

[2] The certified record includes a handwritten listing of fees totaling $613.00. The handwritten list is not specifically indexed in the Index of Documents, but rather is sandwiched between record items 21 and 22. The Trial Court's March 8, 2016 order does not refer to a handwritten list, referencing only the total amount of court fees and costs due. The Trial Court's 1925(a) opinion, however, acknowledges the Court's handwritten list of fees, stating:

3

order and a Motion for Entry of Final Order filed by Appellant, the Trial Court issued the order before us, which dismissed the complaint with prejudice.[3]  (R. Item 16.)

Much of Appellant's argument on appeal concerns matters previously disposed of and therefore moot.  Appellant first asserts that he is entitled to a determination of whether he timely mailed his Concise Statement of Errors Complained of on Appeal.[4]  However, on March 30, 2017, the Trial Court issued an order finding, pursuant to the Prisoner Mailbox Rule,[5] that Appellant's concise statement was timely filed. (R. Item 7.)  Appellant further argues that he has been denied an explanation as to how the Trial Court calculated his fees and costs.  There is no merit to this argument.  In its opinion pursuant to Pa. R.A.P. 1925, the Trial Court acknowledged that in its March 30, 2017 order, it erroneously listed "current fees" and not the fee schedule for the appropriate year.  (R. Item 6.)  The Trial Court stated:

> By Court Order dated March 8, 2016, [the Trial Court] directed [Appellant] to pay $613.00 to avoid dismissal and also provided the fees associated with the above number and term, as provided by the Prothonotary Office of Greene County – which was a handwritten list of fees.  The Court concedes that the list of fees were "current fees" and not the fee schedule for the appropriate year…[The Trial Court] was in error when it quoted filing fees as $613.00 and the fees that would be needed to file are $286.99.

(Trial Court Opinion, R. Item 6.)

[3] Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Brown v. Beard*, 11 A.3d 578, 580 n.5 (Pa. Cmwlth. 2010).

[4] By order dated September 19, 2016, the Trial Court ordered that Appellant file a concise statement of matters complained of on appeal within twenty-one days (R. Item 14).

[5] Under the prisoner mailbox rule, a prisoner's *pro se* filing is deemd to be filed at the time it is given to prison officials or put in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096-97 (Pa. Cmwlth. 2014).

After an extensive review of this file, [the Trial Court] finds that the filing fees, as per the year of the filing of said document(s) as provided by the Prothonotary Office of Greene County to this Court are as follows:

Complaint, docketed 4/10/02…………… .$65.50
Sheriff Fees for Service of Complaint
docketed 04/16/02………..……………..$81.49
Appeal, docketed12/27/02…… …………..$35.00
Appeal, docketed 12/04/03………..……..$35.00
Appeal, docketed 12/21/09………..……..$35.00
Appeal, docketed 04/08/10………..……..$35.00

TOTAL FEES:   $286.99

(*Id.*)  The Trial Court has therefore fully complied with this Court's November 17, 2015 order, setting forth the appropriate court fees and costs that Appellant is required to pay.

Appellant argues, finally, that the Trial Court's behavior reflects a bias and prejudice against him, and that it should therefore have recused itself from this matter.  We reject this argument.  In denying Appellant's request for his recusal, Judge Dayich opined that "this Court's actions are not intentional and not done to prevent and/or delay the trial and not designed to cause the Plaintiff an unnecessary appeal and related fees and costs." (*Id.*)   Our Supreme Court has established that unfavorable rulings do not form the basis for a claim of bias and prejudice. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 90 (Pa. 1998); *see also Commonwealth v. Boyle*, 447 A.2d 250, 252 (Pa. 1982) (a recusal is required only where the party requesting recusal establishes that there is a substantial doubt as to the jurist's ability to preside impartially).  The record here reflects that the Trial Court has corrected its error in calculating the fees owed.

However, the Trial Court has admitted that the order of March 3, 2016 required Appellant to pay an incorrect amount of fees and costs. Accordingly, the order of August 26, 2016 dismissing the complaint for failure to pay that amount cannot stand. We therefore vacate the order of the Trial Court, and remand this matter to the Trial Court, for the purpose of providing Appellant thirty (30) days in which to pay filing fees in the amount of $286.99 or have his complaint dismissed with prejudice.

_____
JAMES GARDNER COLINS, Senior Judge

Judge Cosgrove did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                       :

                   :

        Appellant          :

                     :

       v.                : No. 1589 C.D. 2016

                     :

Conner Blaine Jr.; LT. R. Oddo,     :

T.D. Jackson; Lt. McCombic;       :

Charles Rossi; Sargeant Lipscomb;  :

Officer Marshall; Officer Romano;   :

Keri Cross; Frank J. Zaborowski; and  :

B.E. Ansell                    :

# **O R D E R**

AND NOW, this 27th day of October, 2017, the August 26, 2016 order of the Court of Common Pleas of Greene County (Trial Court) dismissing Appellant Alton D. Brown's complaint with prejudice is vacated. We remand this matter to the Trial Court, with instructions to provide Brown with thirty (30) days within which to pay filing fees in the amount of $286.99 or have his complaint dismissed with prejudice.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge