IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clay Caldwell,                 :
             Appellant       :
                         :
         v.                 :
                         :   No. 26 C.D. 2022
Sec. John Wetzel, et al.      :   Submitted: December 4, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: January 10, 2024


       Clay Caldwell (Caldwell) appeals from the Centre County (County) Common Pleas Court's (trial court) September 16, 2021 order[1] revoking his *in forma pauperis* (IFP) status,[2] and November 29, 2021 order dismissing his Complaint in Mandamus against Pennsylvania Department of Corrections Secretary John Wetzel

---

[1] The trial court's September 16, 2021 order was entered on the docket on September 17, 2021.

[2] Section 5571(b) of the Judicial Code provides: "[A]n appeal from . . . a [trial] court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of a[] . . . final order." 42 Pa.C.S. § 5571(b). "[A]n order denying [IFP] status is a final, appealable order." *Grant v. Blaine*, 868 A.2d 400, 403 (Pa. 2005); *see also Pelzer v. Wolf* (Pa. Cmwlth. No. 472 C.D. 2019, filed March 9, 2020), slip op. at 1 n.1 (quoting *Grant*, 868 A.2d at 401-02) ("In *Grant* . . . , our Supreme Court held that an order denying IFP status is a final, appealable order because '[a] litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court.'").

       Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). Because Caldwell did not timely appeal from the trial court's September 16, 2021 order, it is not properly before this Court. Therefore, this Court is without jurisdiction to address it.

and numerous other individuals (collectively, Defendants) (Complaint).[3]  The sole issue before this Court is whether the trial court properly dismissed the Complaint. After review, this Court affirms.

On April 26, 2021, Caldwell filed his Complaint in the trial court alleging therein: (1) Defendants violated his rights under the Eighth Amendment to the United States (U.S.) Constitution (Eighth Amendment) arising from conditions of confinement, sexual harassment, and denial of medical care;[4] (2) Defendants violated his rights under the First Amendment to the U.S. Constitution (First Amendment) by retaliating against him for filing inmate prison grievances;[5] (3) Defendants violated the Breach of Personal Information Notification Act;[6] and (4) Defendants committed various state torts against him.  Contemporaneously with the filing of his Complaint, Caldwell filed an Affidavit of IFP, which the trial court granted on May 3, 2021.

---

[3] Caldwell filed the Complaint against Defendants Secretary John Wetzel, the Pennsylvania Department of Corrections, Chief Grievance Coordinator Dorina Varner, Assistant Chief Grievance Coordinator Keri Moore, Chief Hearing Examiner Zachary Moslak, Hearing Examiner Scott Ellenberger, Regional Deputy Secretary Robert Marsh, Superintendent Morris Houser, Corrections Classification Program Manager Jennifer Rossman, Captain Larry Hoffman, Deputy Superintendent Bradley Booher, former Captain Kevin Holmberg, Lieutenant Samuel Jackson, Corrections Officer Shayne Bierly, Corrections Officer Thomas Stoner, former Sergeant Michael Smithhower, Corrections Officer Joseph Treaster, former Corrections Officer William Frazier, Sergeant Matthew Kissell, Corrections Officer Coty Bonnell, Corrections Officer Glenn Haines, Unit Manager Melissa Urbanick, Unit Manager Clay Cameron, Counselor Bradley Snyder, Sergeant John Eckenrode (detached), Corrections Health Care Administrator Jeffrey Boland, Principal Nadine Ramirez, Drug and Alcohol Treatment Specialist Courtney McCoy (Baronner), and Dr. Kevin Kollman.

[4] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.

[5] The First Amendment declares: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST. amend. I.

[6] Act of December 22, 2005, P.L. 474, *as amended*, 72 P.S. §§ 2301-2330.

2

On June 2, 2021, Defendants filed preliminary objections to the Complaint, therein, *inter alia*, requesting that the trial court revoke Caldwell's IFP status and dismiss the Complaint pursuant to Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f).[7] On September 16, 2021, because the trial court determined that Caldwell was an abusive litigator, and he was not in imminent danger of serious bodily injury, the trial court revoked Caldwell's IFP status. The trial court further directed Caldwell to pay the $177.25 Complaint filing fee to the County Prothonotary within 30 days of the date of its order, or his Complaint would be dismissed with prejudice. On October 5, 2021, the trial court, in light of U.S. Postal Service delays and their effect on the prison mail system, granted Caldwell a 30-day extension to pay the $177.25 filing fee to the County Prothonotary. The trial court again directed that if Caldwell failed to pay the full amount of the filing fee within 30 days of the date of its order, his Complaint would

---

[7] Section 6602(f) of the PLRA provides:

> **Abusive litigation.--**If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

be dismissed with prejudice, and no further extensions would be provided.[8]  On November 29, 2021, the trial court dismissed Caldwell's Complaint pursuant to Pennsylvania Rule of Civil Procedure (Civil Rule) 240(j)(2),[9] and dismissed all of his other pending petitions with prejudice.  On December 6, 2021, Caldwell appealed to this Court from both orders.[10]

Caldwell argues that the trial court erred by revoking his IFP status.[11] However, Caldwell did not timely appeal from the trial court's order revoking his

---

[8] On October 1, 2021, Caldwell filed a Petition for Leave to File Supplemental Amended Complaint, a Motion for an Order of Stay, and a Motion for an Extension of Time of 90 days, which the trial court denied on October 8, 2021, pursuant to its previous orders.

[9] Civil Rule 240(j)(2) states:

> If the petitioner commences the action by writ of summons, the court shall not act on the petition for leave to proceed [IFP] until the complaint is filed.  If the complaint has not been filed within [90] days of the filing of the petition, the court may dismiss the action pursuant to subdivision (j)(1).

Pa.R.Civ.P. 240(j)(2).  It appears that the trial court inadvertently referenced Civil Rule 240(j)(2), rather than Section 6602(f) of the PLRA, as the trial court did not reference Civil Rule 240(j)(2) in either its September 16, 2021 order revoking Caldwell's IFP status, or in its opinion.

[10] On February 14, 2022, the trial court issued an order stating that Caldwell was not required to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) because it believed Caldwell's notice of appeal made clear the matters complained of on appeal, and the trial court had sufficiently addressed said matters in its September 16, 2021 opinion and order.

"Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Brown v. Beard*, 11 A.3d 578, 582 n.5 (Pa. Cmwlth. 2010).  Further, a trial court has inherent power to enforce its own orders, and an appellate court will not interfere with the enforcement absent an abuse of discretion. *See Commonwealth v. Shaffer*, 712 A.2d 749 (Pa. 1998).  A trial court need not overlook a party's failure to comply with its order or accept payment of costs tendered well beyond the court-ordered deadline. *See Konya v. Dist. Att'y of Northampton Cnty.*, 669 A.2d 890 (Pa. 1995).

[11] Caldwell also argues that the trial court erred by denying his Motion for Summary Relief and his Motion for Leave to File an Amended Complaint (collectively, Motions), however, because the trial court dismissed Caldwell's Complaint, both Motions were deemed moot. Accordingly, the trial court did not err.

IFP status; rather, he only timely appealed from the trial court's order dismissing his Complaint.[12]

In *Lopez v. Haywood*, 41 A.3d 184 (Pa. Cmwlth. 2012), this Court explained that while a trial court may revoke a prisoner's IFP status based on Section 6602(f) of the PLRA, the trial court must provide the prisoner

> a reasonable opportunity to "proceed" with his already-begun prison conditions litigation by paying his filing fees and costs *before* dismissing the matter in its entirety. However, **if [the prisoner] does not pay the fees [and] costs associated with the filed [complaint] as directed by the trial court, the matter should be dismissed**.

*Lopez*, 41 A.3d at 188-89 (emphasis added).

Here, the trial court revoked Caldwell's IFP status and gave him 30 days to pay the filing fee, and thereafter granted him a 30-day extension to pay it. In his brief to this Court, Caldwell does not argue that he should have been granted more time or that he paid the fee. The law is well settled that "[w]hen a [prisoner's] [IFP] status is revoked, a court may dismiss the [prisoner's] complaint if the [prisoner] thereafter fails to pay the filing fees and costs associated with the litigation." *Richardson v. Dep't of Corr.*, 97 A.3d 430, 432 (Pa. Cmwlth. 2014), *affirmed*, 110 A.3d 994 (Pa. 2015) (quoting *Brown v. Pa. Dep't of Corr.*, 58 A.3d 118, 121 (Pa. Cmwlth. 2012)). Accordingly, the trial court properly dismissed Caldwell's Complaint because he failed to pay the filing fee.[13]

---

[12] Notwithstanding, this Court discerns no error in the trial court's revocation of Caldwell's IFP status based on its determination that Caldwell was an abusive litigator, and he was not in imminent danger of serious bodily injury. On November 20, 2023, Caldwell filed a Petition to Inform the Court (Petition), "to inform this [] [C]ourt of the recent orders of the [Pennsylvania] Superior Court . . . ." Petition at 1. Because it appears that the orders may be relevant to the trial court's order revoking Caldwell's IFP status, and that order is not properly before this Court, this Court will not address the Petition.

[13] This Court may affirm a trial court's order based on other grounds. *See Medina v. Harrisburg Sch. Dist.*, 273 A.3d 33 (Pa. Cmwlth. 2022).

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clay Caldwell,             :
         Appellant    :
                    :
      v.              :
                    :   No. 26 C.D. 2022
Sec. John Wetzel, et al.   :

## O R D E R

AND NOW, this 10th day of January, 2024, the Centre County Common Pleas Court's November 29, 2021 order is affirmed.

_____
ANNE E. COVEY, Judge