Alton D. BROWN, Appellant

v.

Jeffrey A. BEARD, D.M. Chamberland, Dorina Varner, Lt. Roche, Lt. Homes, Lt. John Doe, Lt. John Doe # 1, P.K. Teeter, Sgt. King, J. Niemiec, C.A. Scire, K. Cross, C.O. Edwards, F.R. Bayer, M. Johnson, C.O. Rucker, C.O. Helman, C.O. Hode, K. Geppert, C.O. John Doe, United States Marshall, United States Deputy Marshal John Doe, United States Deputy Marshal John Doe # 1, R.B. MacIntyre, C.O. Faith, C.O. Burger, C.O. Durkacs, and C.O. Hollobaugh.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 6, 2010.

Decided Dec. 15, 2010.

Alton D. Brown, appellant, pro se.

Travis S. Anderson, Asst. Counsel, Camp Hill, for respondents.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge BROBSON.

Alton D. Brown (Brown), a prisoner, appeals *pro se* from an order of the Court of Common Pleas of Allegheny County (trial court), dated January 22, 2010. The trial court dismissed Brown's complaint pursuant to Rule 240(j) of the Pennsylvania Rules of Civil Procedure (Rule 240(j)).[1] For the reasons that follow, we affirm.

On September 10, 2009, Brown filed a complaint in the trial court, alleging various civil rights violations during two separate stays at the State Correctional Institution at Pittsburgh (SCI–Pittsburgh) and seeking damages, declaratory judgment, and injunctive relief.[2] Brown named as defendants Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections (DOC), and numerous other employees of DOC, as well as numerous employees of the United States Marshals Service (U.S. Marshals). Along with his civil rights complaint, Brown filed a petition to proceed *in forma pauperis*. The trial court dismissed Brown's complaint by order dated January 22, 2010, which provided:

> AND NOW, this 22nd day of January, 2010, it appearing that [Brown]'s complaint does not contain facts that set forth any cause of action that would have an arguable basis in law or fact, [Brown]'s complaint is dismissed pursuant to Pa. R.C.P. 240(j).

(C.R., January 22, 2010 Order (citations omitted).) On February 3, 2010, Brown appealed to this Court.

In response to Brown's appeal, the trial court filed an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure (Rule 1925(a)). Although the trial court acknowledged that the January 22, 2010 order dismissed Brown's complaint pursuant to Rule 240(j), the trial court's Rule 1925(a) opinion focused solely on Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6602(f),[3] commonly referred to as

---

1. Rule 240(j) provides:

   (j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

   Pa. R.C.P. 240(j).

2. Brown was housed at SCI–Pittsburgh from November 10, 2008, to November 18, 2008, and again from February 24, 2009, to some time in early April 2009. As stated by the trial court, Brown makes the following allegations:

   [Brown] was moved from a Restrictive Housing Unit to a Secure Special Needs Unit, [Brown] was denied approximately ten meals, access to yard, law library and

mail, [Brown] was made to complete body cavity strip searches twice, [Brown] was intentionally scratched with handcuffs and handcuffs were tight, [Brown] was not given his "legal property", [Brown]'s personal items went missing, [Brown] was given a "bogus misconduct." Furthermore, [Brown] accuses Defendants of a "conspiracy to punish and retaliate against [Brown]." [Brown] also alleges various physical and emotional impacts of his alleged treatment.

(Certified Record (C.R.), 1925(a) Opinion at 3.)

3. Section 6602(f) of the PLRA provides, in pertinent part:

   (f) **Abusive litigation.**—If the prisoner has previously filed prison conditions litigation and: (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2) [ ("The prison conditions litigation is frivolous or malicious or fails to

the "three strikes rule." This rule allows a trial court to dismiss a prisoner's *in forma pauperis* complaint where the prisoner has a history of filing frivolous litigation. *Jae v. Good,* 946 A.2d 802, 807 (Pa. Cmwlth.), *appeal denied,* 598 Pa. 790, 959 A.2d 930 (2008). Finding that Brown's complaint qualified as "prison conditions litigation"[4] and that Brown had accumulated "three strikes" for having prior cases dismissed as frivolous, the trial court determined that Brown's complaint should be dismissed pursuant to Section 6602(f) of the PLRA.

On appeal,[5] Brown argues that the trial court erred in dismissing his complaint pursuant to Rule 240(j) because the trial court failed to briefly state its reasons for dismissal in the January 22, 2010 order, as required by Rule 240(c)(3) of the Pennsylvania Rules of Civil Procedure (Rule 240(c)(3)).[6] Brown also contends that his complaint should not be dismissed pursuant to Section 6602(f) of the PLRA because he requested injunctive relief and made a "credible allegation that [he] is in imminent danger of serious bodily injury." 42 Pa.C.S. § 6602(f).

Although the trial court dismissed Brown's appeal pursuant to Rule 240(j), it is well-settled that an appellate court may affirm the decision of the court below for any valid reason. *Pa. Dep't of Banking v. NCAS of Del., LLC,* 596 Pa. 638, 653, 948 A.2d 752, 761–62 (2008). Pursuant to Section 6602(f) of the PLRA, a prisoner becomes an abusive litigator and "loses the opportunity to proceed *in forma pauperis* after he files three prison condition lawsuits that are dismissed as frivolous." *Jae,* 946 A.2d at 807. Where a prisoner has been deemed an abusive litigator, the prisoner can escape dismissal of his prison conditions litigation under the "three strikes rule" only if he "makes a credible allegation that he is in danger of imminent bodily harm and needs injunctive relief." *Id.*

The instant action constitutes "prison conditions litigation" within the meaning of Section 6601 of the PLRA because Brown is a prisoner and his allegations relate to the conditions of his confinement and the alleged actions of DOC and U.S. Marshals employees. *See* 42 Pa.C.S. § 6601. Furthermore, Brown's status as an abusive litigator is well-established. *See Brown v.*

state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa.C.S. § 6602(e)(2).) ] ... the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

4. Section 6601 of the PLRA defines "prison conditions litigation" as follows:

A civil proceeding arising in whole or in part under Federal or State law *with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison.* The

term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact of confinement in prison.

42 Pa.C.S. § 6601 (emphasis added).

5. Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Pew v. Mechling,* 929 A.2d 1214, 1217 n. 4 (Pa.Cmwlth.2007).

6. Rule 240(c)(3) provides:

(3) The court shall act promptly upon the petition and shall enter its order within twenty days from the date of the filing of the petition. *If the petition is denied, in whole or in part, the court shall briefly state its reasons.*

*Levy,* 993 A.2d 364 (Pa.Cmwlth.2010) ("[Brown] has already exhausted his 'three strikes.'"); *Brown v. Pa. Dep't of Corrections,* 913 A.2d 301, 306 (Pa.Cmwlth.2006) ("Brown is a well-qualified abusive litigator within the meaning of the PLRA."), *appeal denied,* 591 Pa. 705, 918 A.2d 748 (2007); *Brown v. James,* 822 A.2d 128 (Pa.Cmwlth. 2003) (listing Pennsylvania and federal cases filed by Brown which have been dismissed as frivolous), *appeal denied,* 577 Pa. 736, 848 A.2d 930 (2004). Accordingly, Brown can avoid dismissal of his complaint only if he has made "a credible allegation that [he] is in imminent danger of serious bodily injury" in seeking injunctive relief. 42 Pa.C.S. § 6602(f).

Brown alleges that he is in imminent danger of serious bodily injury because, if he is sent back to SCI–Pittsburgh,[7] he might be subjected to the same treatment that he was allegedly subjected to in 2008 and 2009, and that such treatment might aggravate his preexisting illnesses, which include hepatitis C, hypoglycemia, gastroesophageal reflux disease (GERD), bradycardia, and post-traumatic stress disorder (PTSD).[8] We find that Brown has failed to make "a credible allegation that [he] is in imminent danger of serious bodily injury." 42 Pa.C.S. § 6602(f).

In defining the term "imminent danger," our Supreme Court has stated,

"[t]o be imminent, the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Com. v. Capitolo,* 508 Pa. 372, 379, 498 A.2d 806, 809 (1985). Brown's allegations cannot be construed to fit this definition. Importantly, Brown is no longer an inmate at SCI–Pittsburgh. Brown's exposure to the danger of serious bodily injury he complains of is wholly dependent upon repetition of the mistreatment Brown allegedly received at SCI–Pittsburgh in 2008 and 2009, which, in turn, is wholly dependent upon Brown being sent back to SCI–Pittsburgh in the first place. Such a speculative and tenuous scenario is antipodal to the concept of imminence.

Furthermore, even if we assume, *arguendo,* that Brown will be sent back to SCI–Pittsburgh, that the alleged mistreatment will be repeated, that repetition of the alleged mistreatment will aggravate Brown's preexisting illnesses, and that aggravation of Brown's preexisting illnesses will place Brown at a higher risk of developing more severe medical conditions, it does not follow that these more severe medical conditions would be "threatening to occur immediately, near at hand, [or] impending." *Id.* Brown has unsuccessfully attempted a similar argument in federal court on at least two occasions.[9] *See*

Pa. R.C.P. 240(c)(3) (emphasis added).

7. Although Brown is no longer an inmate at SCI–Pittsburgh, Brown claims that he will likely be sent back to SCI–Pittsburgh at some point in the future because he is listed as a witness in several cases filed in Pittsburgh. Brown does not allege that he is subjected to similar mistreatment at his current correctional facility, SCI–Graterford.

8. Specifically, Brown claims that, due to his hepatitis C, repetition of the alleged mistreatment could cause him to develop cirrhosis of the liver. Concerning his hypoglycemia, Brown alleges that he could fall into a hypoglycemic coma if he is denied meals. Regard-

ing his GERD, Brown claims that he is at greater risk of developing esophageal cancer if he is denied his GERD medication. With regard to his bradycardia, Brown alleges that the increased stress and anxiety that could result from repetition of the alleged mistreatment could result in sudden death. Finally, Brown claims that, due to his PTSD, repetition of the alleged mistreatment could cause him to act extremely violent and emotional and may result in other mental illnesses. (C.R., Complaint at 11–13.)

9. The federal version of the "three strikes rule" can be found at 28 U.S.C. § 1915(b), and provides, in pertinent part:

*Brown v. Beard,* No. 08–0743, 2010 WL 1257967, 2010 U.S. Dist. LEXIS 28352 (E.D.Pa., March 25, 2010) (holding that potential health risks from aggravation of Brown's hepatitis C and PTSD were not imminent); *Brown v. Beard,* 492 F.Supp.2d 474, 479 (E.D.Pa.2007) ("[I]f Brown has certain conditions that place him at risk of heart disease, that does not mean heart disease is 'impending' or about to 'occur at any moment.' ").

If Brown's complaint were allowed to proceed under Section 6602(f) of the PLRA, the exception would swallow the rule and the General Assembly's use of the word "imminent" would be rendered meaningless. *See Com. v. Ostrosky,* 589 Pa. 437, 450, 909 A.2d 1224, 1232 (2006) ("The legislature ... is presumed not to intend any statutory language to exist as mere surplusage and, accordingly, courts must construe a statute so as to give effect to every word."). Accordingly, we affirm the trial court's dismissal of Brown's complaint.

### ORDER

AND NOW, this 15th day of December, 2010, the order of the Court of Common Pleas of Allegheny County, dated January 22, 2010, is hereby AFFIRMED.

In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.