J-S66014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ALTON D. BROWN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| GARY L. LANCASTER, ET AL, | |
| Appellees | No. 246 WDA 2015 |

Appeal from the Order of December 30, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD14-010767

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:              **FILED DECEMBER 28, 2015**

Appellant, Alton D. Brown, appeals *pro se* from the order entered on December 30, 2014.  We affirm, albeit on a different basis than the trial court.

The factual background and procedural history of this case are as follows.  Appellant filed at least 10 lawsuits in the state and federal courts challenging the conditions of his confinement.  In each of those cases, the federal and state courts denied relief.  On June 19, 2014, Appellant filed the instant complaint which again challenged the conditions of his confinement.  In addition, Appellant alleged that various judges, court staff, two secretaries of the Pennsylvania Department of Corrections, and Office of Attorney General personnel conspired to deprive him of his constitutional

---

*Retired Senior Judge assigned to the Superior Court.

rights as they relate to his confinement because he was unsuccessful in his prior actions.

On June 20, 2014, Appellant filed a petition to proceed *in forma pauperis* ("IFP"). On July 31, 2014, the trial court denied Appellant's petition to proceed IFP and ordered him to pay the filing fee and costs.[1] On

_____

[1] Specifically, on July 31, 2014, the trial court filed a memorandum in which the court noted that Appellant is "an abusive litigator" and his current complaint made "preposterous allegation[s]" against the defendants. The trial court noted further that Appellant failed to make "credible allegations" as required by the Commonwealth Court in **Brown v. Beard**, 11 A.3d 578, 580-81 (Pa. Cmwlth. 2010). Memorandum and Order, 7/31/14, at 1. Hence, the trial court concluded that Appellant's complaint was "frivolous" under Pa. R. C. P. 240(j)(1) which provides in pertinent part:

> If, simultaneous with the commencement of an action . . ., a party has filed a petition for leave to proceed *in forma pauperis,* the court prior to acting upon the petition may dismiss the action . . . if the allegation of poverty is untrue or if it is satisfied that the action . . . is frivolous.

*Id.* at 2. The trial court then entered an order directing Appellant to pay the filing fees and costs within 30 days. If Appellant failed to do so, the trial court stated "an order will be entered dismissing [Appellant's] complaint with prejudice." Order, 7/31/14. We note that the trial court's initial finding that Appellant's complaint was frivolous should have resulted in its immediate dismissal under Pa.R.C.P. 240(j)(1). Instead, the trial court gave Appellant 30 days to submit the filing fees and costs. Had Appellant submitted the fees and costs in a timely way as ordered, we question what purpose that would have served since the action was initially deemed frivolous and, therefore, most likely could not proceed.

December 30, 2014, the trial court dismissed Appellant's complaint because he failed to pay the requisite filing fee. This timely appeal followed.[2]

Appellant presents one issue for our review:

Whether [the] trial court abused its discretion, or otherwise err[ed,] in denying leave to proceed [IFP]?

Appellant's Brief at 1 (complete capitalization removed).

We need not reach the merits of Appellant's lone issue on appeal because, even if the trial court erred by denying Appellant leave to proceed IFP, that error was harmless. "An error is harmless if the court determines that the error could not have contributed to the [result]." ***Bensinger v. Univ. of Pittsburgh Med. Ctr.***, 98 A.3d 672, 683 n.12 (Pa. Super. 2014) (internal alterations and citation omitted). Pursuant to 42 Pa.C.S.A. § 6602(e)(2):

> Notwithstanding any filing fee which has been paid, the court **shall** dismiss prison conditions litigation at any time, including prior to service on the defendant, if [t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

---

[2] Although the notice of appeal was not docketed until February 4, 2015, Appellant's appeal is timely under the prisoner mailbox rule because he placed the notice of appeal in the stream of prison mail on January 26, 2015.

42 Pa.C.S.A. § 6602(e)(2) (emphasis added).[3]

The trial court found Appellant's complaint to be frivolous. Memorandum and Order, 7/31/14, at 2. This finding is supported by the record. As noted above, the thrust of Appellant's complaint is that various federal judges, court staff, secretaries of the Pennsylvania Department of Corrections, and Office of Attorney General personnel conspired to deny him his constitutional rights as it relates to his confinement because he lost his previous lawsuits. Mere unsuccessful litigation is not grounds for relief. Thus, even if Appellant were entitled to IFP status, the trial court properly dismissed Appellant's petition.[4]

Order affirmed.

_____

[3] Section 6602(e) passes constitutional muster. **See Payne v. Commonwealth Dept. of Corrections**, 871 A.2d 795, 802-803 (Pa. 2005) (provision of Prison Litigation Reform Act (PLRA) directing court to dismiss a prisoner's action before service on the defendants where the court concludes that the action is frivolous or fails to state a claim upon which relief may be granted, or where the defendant may assert a valid affirmative defense that would preclude relief, does not unconstitutionally interfere with Supreme Court's rulemaking authority; rather than establishing a method or procedure to enforce a substantive right, the statute defines the rights of prisoners by setting forth the circumstances under which the right to file prison condition litigation shall be summarily denied).

[4] As previously noted, the trial court dismissed Appellant's complaint for failure to submit the filling fees and costs. Although the trial court did not rely on § 6602(e) of the PLRA in dismissing the action, we may affirm the trial court on any basis. **In re Jacobs**, 15 A.3d 509 (Pa. Super. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/28/2015</u>