# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clay Caldwell, : 
                        Appellant : 
                         : 
             v. : No. 718 C.D. 2015
                         : Submitted: April 22, 2016
The Pa Department of Corrections, : 
and the Office of Security (BCC), : 
and Secretary J. Wetzel, et al. : 

**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
**                  HONORABLE MICHAEL H. WOJCIK, Judge**
**                  HONORABLE JAMES GARDNER COLINS, Senior Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON                FILED: July 28, 2016**

Appellant Clay Caldwell (Caldwell), *pro se*, appeals from an order of the Court of Common Pleas of Centre County (trial court). The trial court's order granted a motion filed by the Department of Corrections (DOC), seeking to revoke Caldwell's *in forma pauperis* (IFP) status pursuant to the law known as the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §§ 6601-6608.[1] That motion arose with regard to an amended complaint Caldwell filed against DOC and various

---

[1] In addition to naming DOC and Secretary Wetzel as defendants, Caldwell also named numerous corrections officers, "Copp, D," who is identified as "medical adm[inistator]," and "Dunkle, L" who is identified as "medical practitioner." DOC filed the motion to revoke Caldwell's IFP status on behalf of the DOC defendants, which apparently includes all of the named defendants except Dunkle. Dunkle filed a motion to join DOC's motion to revoke Caldwell's IFP status. Hereafter, we will refer to the defendants collectively as DOC, unless otherwise noted.

individuals employed by or serving in an official capacity for DOC. In addition to revoking Caldwell's IFP status, the trial court's order directed that it would dismiss Caldwell's amended complaint unless Caldwell paid the filing fee for the complaint within thirty days of the order.

Caldwell's amended complaint, *inter alia*, appears to seek mandamus relief and also raises negligence claims. DOC and Dunkle filed preliminary objections to the amended complaint and DOC also filed the motion to revoke Caldwell's IFP status. The motion referenced the "three-strikes" provision contained in Section 6602(f) of the PLRA, 42 Pa. C.S. § 6602(f),[2] and identified three earlier instances of prison litigation initiated by Caldwell. DOC, joined by Dunkle, requested that the trial court revoke Caldwell's IFP status and dismiss the action unless Caldwell paid the filing fee for the complaint in full. As indicated above, the trial court granted the motion to revoke and directed that, unless Caldwell paid the filing fee for the complaint within thirty days, the complaint would be dismissed.

Caldwell filed a notice of appeal, and the trial court directed him to file a statement of errors complained of on appeal. Caldwell filed a statement of errors on appeal, asserting, in part, that the trial court erred in revoking his IFP status because, he claimed, he is in "imminent" danger of serious bodily injury, and, therefore the amended complaint falls within the exception set forth in Section 6602(f)(2) of the PLRA, which provides that "[t]he court shall not . . .

---

[2] Section 6602(f) of the PLRA provides in pertinent part that an inmate has engaged in "[a]busive litigation" if he or she "has previously filed prison condition litigation," three or more of which have been dismissed under Section 6602(e)(2) of the PLRA, as frivolous or malicious or for failing to state a claim upon which relief may be granted.

dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury." In its opinion in support of its order, the trial court rejected Caldwell's argument, noting the exception only applies to existing requests for preliminary injunctive relief and/or temporary restraining orders. The trial court also wrote that it had reviewed the pleadings and found no averments suggesting any action implicating the exception. Accordingly, the trial court concluded that it did not err in granting the motion.

On appeal,[3] Caldwell raises the following primary issue: whether the trial court erred in concluding that the imminent bodily injury exception does not apply. Based upon his claim that the exception does apply, Caldwell asserts that the trial court erred in concluding that the amended complaint triggered the three-strikes provision contained in Section 6602(f) of the PLRA.

In *Brown v. Beard*, 11 A.3d 578 (Pa. Cmwlth. 2010), *appeal denied*, 40 A.3d 1237 (Pa. 2012), we addressed the question of what constitutes an "imminent" danger of bodily harm for the purpose of the exception to the three-strikes provision. We referred to *Commonwealth v. Capitolo*, 498 A.2d 806 (Pa. 1985), in which the Supreme Court defined the term "imminent" to mean a danger that "must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Brown*, 11 A.3d at 581 (quoting *Capitolo*, 498 A.2d at 809). Brown essentially claimed that, if the alleged

---

[3] Our standard of review of a trial court's order granting a motion to revoke IFP status under Section 6602(f) of the PLRA is limited to considering whether constitutional rights were violated and whether the trial court abused its discretion or erred as a matter of law. *Williams v. Syed*, 782 A.2d 1090, 1093 n.4 (Pa. Cmwlth. 2001).

mistreatment he received was repeated and were to aggravate a preexisting condition, he could be at a higher risk of developing more severe medical conditions. We concluded that "it does not follow that these more severe conditions would be 'threatening to occur immediately, near at hand, [or] impending.'" *Brown*, 11 A.3d at 581 (quoting *Capitolo*, 498 A.2d at 809).

In this case, Caldwell has pleaded no facts in his amended complaint indicating that he is in imminent danger. Rather, Caldwell's averments relate to his claims that DOC correctional officers allegedly abused him, which he claimed resulted in abrasions to his wrist and knees. With regard to those alleged injuries, Caldwell only claimed that he continues to have pain in his wrist. He also claimed to have a degenerative bone disease, but his averments in no way suggest that his condition places him in imminent danger of bodily harm. He avers that he needs to see a "bone specialist," but his averments do not indicate any imminent danger arising from his alleged condition. In fact, the grievances Caldwell attached to the amended complaint and DOC's responses to the grievances indicate that medical professionals who have examined Caldwell have diagnosed his condition as moderate osteoarthritis. Consequently, it appears that no condition exists that presents an "imminent" danger of bodily injury.

Caldwell raises several other arguments in his brief, which contains 142 numbered paragraphs, but to the degree that Caldwell has raised any additional issues, we perceive those to be related to the underlying merits of his amended complaint. Consequently, we need not address those other arguments and/or issues. Accordingly, we affirm the trial court's order.

_____
P. KEVIN BROBSON, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clay Caldwell,               :
           Appellant     :
                           :
         v.               :    No. 718 C.D. 2015
                           :
The Pa Department of Corrections,   :
and the Office of Security (BCC),     :
and Secretary J. Wetzel, et al.       :

# **O R D E R**


AND NOW, this 28th day of July, 2016, the order of the Court of Common Pleas of Centre County is AFFIRMED.


_____
P. KEVIN BROBSON, Judge