IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : :
: :
Appellant : :
: :
v. : No. 1774 C.D. 2017
: Submitted: November 16, 2018
Robert Gilmore, :
Jin Byunghok and :
Department of Corrections :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  December 21, 2018

Alton D. Brown (Brown) appeals, *pro se*, the order of the Greene County Court of Common Pleas (trial court) denying his application to proceed *in forma pauperis* (IFP application).  We affirm.

Brown is an inmate who was formerly housed at the State Correctional Institution (SCI) Greene and who is now housed at SCI Fayette.  On August 10, 2017, Brown filed a multi-count complaint against a number of individuals associated with the Pennsylvania Department of Corrections (Department).  The complaint raises claims considered "prison conditions litigation" under Section 6601 of the Prison Litigation Reform Act (PLRA)[1] relating to the quality of his confinement and the actions of the named individuals.

---

[1] 42 Pa. C.S. §6601.  Section 6601 defines "prison conditions litigation," in relevant part, as, "A civil proceeding arising in whole or in part under Federal or State Law with respect to the
**(Footnote continued on next page…)**

Brown also filed the IFP application, which the trial court denied on September 7, 2017, based on its determination that Brown has been deemed to be an abusive litigator under Section 6602(f) of the PLRA.[2] Original Record (O.R.) Item 14.[3] In its Opinion and Order, the trial court explained:

> It is well established that pursuant to 42 Pa. C.S. §6602(f), a prisoner becomes an abusive litigator and loses the opportunity to proceed *in forma pauperis* after

---

**(continued…)**

conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison."

[2] 42 Pa. C.S. §6602(f). Section 6602(f) of the PLRA is commonly referred to as the "three strikes rule," and allows the trial court to dismiss a prisoner's IFP application where the prisoner has a history of filing frivolous litigation. *Jae v. Good*, 946 A.2d 802, 807 (Pa. Cmwlth. 2008). Section 6602(f) states:

> **(f) Abusive litigation.**–If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

[3] The trial court also denied Brown's subsequent Motion for Reconsideration and Request for a Hearing. O.R. Items 12, 13.

"he files three prison condition lawsuits that are dismissed as frivolous." *Jae v. Good*, 946 A.2d 802, 807 [(Pa. Cmwlth. 2008)].

\* \* \*

When a prisoner has been deemed an abusive litigator, the only exception available to proceed *in forma pauperis* is "a credible allegation that he is in danger of imminent bodily harm and needs injunctive relief." 42 Pa. C.S. §6601(f); *Brown v. Beard*, 11 A.3d 578, 580 [(Pa. Cmwlth. 2010)].

Here, it is clear that [Brown's] Complaint squarely fits into the definition of prison litigation as it challenges the quality of care at SCI Greene and the actions taken by government employees. Moreover, there is no dispute that [Brown] is an abusive litigator with a well-established history of filing frivolous and abusive lawsuits in various Courts within the Commonwealth and on the federal level. *See Brown*[, 11 A.3d at 580]; *Brown v. Pa. Dep't of Corr.*, 58 A.3d 118, 121 [(Pa. Cmwlth. 2012)].

\* \* \*

[B]ecause abusive litigators already have a history of frivolous lawsuits, the Court is not required to accept the allegations in the Complaint as true without some substantiation in the form of extrinsic evidence. *Sehu-Kessa-Saa-Tabansi v. Wetzel* [(Pa. Cmwlth., No. 867 C.D. 2014, filed January 15, 2015).[4]]

\* \* \*

In this matter, upon review of the record, this Court determines that [Brown] failed to provide sufficient extrinsic evidence to credibly allege that he is

---

[4] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

3

in imminent danger of serious bodily injury. [Brown] attached to his complaint four receipts, illustrating the items allegedly confiscated at intake.

Given [Brown's] history of setting forth similar meritless allegations and the fact that these receipts are merely an administrative record of confiscated items and not evidence of any of the numerous claims set forth in [his] Complaint, this Court finds the receipts to be neither convincing nor reliable.

O.R. Item 14 at 1, 2, 3, 4-5. Based on the foregoing, the trial court denied Brown's IFP application and directed Brown to pay the appropriate filing fees within 45 days or face dismissal of the Complaint. *Id.* at 5.

On appeal,[5] Brown claims that the trial court abused its discretion and erred as a matter of law in denying his IFP application and violated his due process rights by denying his Motion for Reconsideration and Request for a Hearing. However, as outlined above, the trial court did not abuse its discretion or err as a matter of law in denying the IFP application because the extrinsic evidence offered by Brown in the Complaint in the form of receipts of items confiscated at his intake does not support the numerous claims raised in the Complaint or his claim that he is in "imminent danger of serious bodily injury" as required by Section 6602(f).

Moreover, by failing to identify any specific extrinsic evidence or witnesses that he would present at a hearing on his Motion for Reconsideration and Request for a Hearing, the trial court did not err in denying the motion or violate due process. *See, e.g.*, *Brown*, 58 A.3d at 123-24 ("Brown failed to substantiate his

---

[5] This Court's scope of review is limited to determining whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Brown*, 11 A.3d at 580 n.5.

4

averments of imminent danger by attaching medical documentation, or any other form of extrinsic evidence for that matter, to his *pro se* complaint. As such, this Court need not accept Brown's allegations, on their face, as 'credible allegations' of imminent danger. Therefore, . . . we conclude that Brown has failed to credibly allege imminent danger of serious bodily injury for purposes of the Pennsylvania PLRA."); *Sehu-Kessa-Saa-Tabansi*, slip op. at 8-9 ("Tabansi has failed to provide sufficient extrinsic evidence to credibly allege that he is in imminent danger of serious bodily injury. Tabansi attempted to submit extrinsic evidence by providing signed affidavits from three other prisoners, which generally support the Complaint's contention that the physical conditions of the prison cells make it difficult to breathe. However, given Tabansi's history of setting forth similar meritless allegations and the fact that the affidavits basically repeat the Complaint's allegations verbatim, we conclude that the extrinsic evidence provided by Tabansi is neither convincing nor reliable. Moreover, the affidavits provided by Tabansi 'set forth only bare, generalized assertions' and do not appear credible due to the fact that the other prisoners are biased against the prison establishment and also have an interest in seeking the closure of Tabansi's cell-block. Further, the various 'Inmate's Request to Staff Member' forms, official grievance forms, signed declarations, and sick call forms are not credible or convincing because they were filled out by Tabansi, and—although they attempt to provide verification of the Complaint's allegations—are incomplete and unverified by any DOC correctional officers.") (citations omitted).[6]

---

[6] *See also Brown v. Wolf* (Pa. Cmwlth., No. 566 C.D. 2017, filed January 16, 2018), slip op. at 9-10 ("Lastly, we consider Brown's contention that the trial court denied him due process when it did not hold a hearing. Constitutional due process provides that the government may not "deprive any person of life, liberty or property, without due process of law." U.S. CONST., **(Footnote continued on next page…)**

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

_____

**(continued…)**

amend. XIV; *see also id.,* amend. V; PA. CONST. art. 1, §1.  In the instant case, Brown identifies no deprivation of life, liberty or property that warranted a hearing.  It bears emphasizing that the refusal to allow an inmate to proceed with IFP status does not deny access to the courts.  *Brown v. Dep't of Corr.* (explaining that refusal to proceed IFP does not deny access to the courts under the due process clauses of the U.S. and the Pennsylvania Constitutions).  Brown was permitted to file his mandamus action, and thus was not denied access to the courts.  [A prisoner, whose IFP status is revoked pursuant to the 'three-strikes rule,' is able to 'proceed by paying costs' before the trial court dismisses the action in its entirety under Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f).  *Lopez v. Haywood*, 41 A.3d 184, 188 (Pa. Cmwlth. 2012)].").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,      :
           :
      Appellant :
           :
     v.     : No. 1774 C.D. 2017
           :
Robert Gilmore,     :
Jin Byunghok and     :
Department of Corrections  :

# **O R D E R**

   AND NOW, this 21st day of December, 2018, the order of the Greene County Court of Common Pleas dated September 7, 2017, is AFFIRMED.

           _____
           MICHAEL H. WOJCIK, Judge