IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                              :
                                          :
                        Appellant         :
                                          :
            v.                            :   No. 1696 C.D. 2019
                                          :   Submitted: December 4, 2020
CFS1 Reifer, CFSS Albert,                 :
CFSS Eckenrode, FSM2 Pitsinger,           :
Hearing Examiner Wiggins,                 :
DSCS Bobbi Jo Salamon,                    :
PSFM D. Close, Major J. Burrows,          :
Superintendent Barry Smith,               :
Chief Hearing Examiner Mostak             :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: October 26, 2021


            Lamar Brown (Inmate), proceeding *pro se*, appeals from an order of the

Court of Common Pleas of Clearfield County (trial court), which denied his petition

to proceed *in forma pauperis* (IFP) and dismissed his complaint as frivolous pursuant

to Pa.R.Civ.P. 240(j)(1).[1]  We affirm.

---

[1] Pa.R.Civ.P. 240(j)(1) states, in relevant part: "If, simultaneous with the commencement of an action or proceeding . . . a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action . . . if it is satisfied that the action . . . is frivolous."

Inmate was formerly housed at the State Correctional Institution (SCI) at Houtzdale, but he is now housed at the SCI at Camp Hill. On August 16, 2019, Inmate filed his complaint in the trial court against Department of Corrections (DOC) employees identified as Corrections Food Services 1 Reifer (Reifer); Corrections Food Service Supervisor Albert (Albert); Corrections Food Services Supervisor Eckenroad (Eckenroad); Food Services Manager 2 Pitsinger (Pitsinger); Hearing Examiner Wiggins (Wiggins); Deputy Superintendent of Centralized Services Bobbi Jo Salamon (Salamon); Deputy Superintendent of Facility Management D. Close (Close); Major J. Burrows (Burrows); Superintendent Barry Smith (Smith); and Chief Hearing Examiner Mostak (Mostak) (collectively, DOC Defendants), in their individual and official capacities. In the complaint, Inmate sought damages, declaratory relief, injunctive relief, and punitive damages under 42 U.S. §1983 (Section 1983) (relating to civil rights violations), based upon the violation of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, U.S. Const. amend. I, VIII, and XIV, and civil conspiracy under Pennsylvania law. Inmate also filed an IFP petition, along with a verified statement.

In the complaint, Inmate alleged that Reifer violated his First Amendment rights by fabricating a misconduct report in retaliation for Inmate's filing grievances against Reifer. Complaint ¶112. Inmate also alleged that Reifer and Albert conspired to have him demoted and/or fired from his position in the dietary department in violation of Pennsylvania State Law. *Id.* ¶113. Inmate further alleged that Albert, Eckenroad, and Pitsinger's failure to take corrective action in response to his complaints against Reifer constituted deliberate indifference in violation of his Eighth Amendment rights. *Id.* ¶114.

Regarding the misconduct hearing and subsequent appeals, Inmate alleged that Wiggins denied him due process of law in violation of the Fourteenth Amendment by failing to call witnesses and review the video footage evidence. Complaint ¶115. Inmate also alleged that Salamon, Close, Burrows, Smith, and Mostak violated his Eighth Amendment rights by failing to act on his complaints. *Id.* ¶116. Finally, Inmate alleged that Reifer and Albert violated his First Amendment rights by retaliating against him. *Id.* ¶117.

According to the complaint, Inmate was employed in SCI Houtzdale's dietary department. Complaint ¶15. Inmate and another worker, Bailey, were standing near a serving line with other inmates when Reifer instructed only Inmate and Bailey to leave that area. *Id.* ¶¶15-19. Inmate complained to Reifer's supervisors, Eckenroad and Pitsinger about Reifer's "harassment." *Id.* ¶¶20-32.

On January 1, 2019, Inmate and other workers were assigned to cook black-eyed peas. *Id.* ¶33. Inmate alleges that he opened 20 cans of black-eyed peas while another inmate drained the cans. *Id.* ¶¶34-36. Reifer did not want the cans drained. *Id.* ¶56. Inmate alleged that while he was waiting in line for the restroom, Reifer sent him back to his block and demoted him without explanation. *Id.* ¶¶39-40. Inmate complained to Albert about this incident. *Id.* ¶¶41-44.

The next day, Pitsinger discussed the incident with Inmate. Complaint ¶¶51-64. Pitsinger and Inmate agreed to resolve the matter by reassigning Inmate to a different job at the same pay rate until another cook position became available. *Id.* ¶¶64-65. Inmate complained that Pitsinger did not review the video footage showing that he was not the inmate who drained the peas, and that he was punished for something that he did not do. *Id.* ¶¶66-70. Inmate filed a grievance for this incident. *Id.* ¶72.

3

On January 5, 2019, Inmate was working in the kitchen when Reifer told him to take his hat off, but allowed other inmates to continue to wear their hats. Complaint ¶¶73-77. Inmate complained to Reifer's supervisor, Albert, about being singled out by Reifer. *Id.* ¶78. Inmate alleged that Albert sent Reifer home for the day because of this incident. *Id.* ¶¶81-82. Inmate filed another grievance for this incident. *Id.* ¶83.

On January 11, 2019, Reifer issued Inmate a misconduct for refusing to obey an order and for taking food from the kitchen. Complaint ¶¶90-91. Inmate disputed his guilt. *Id.* ¶¶92-96. Inmate requested witnesses and for the hearing examiner, Wiggins, to review video footage from the incident, but his requests were denied. *Id.* ¶¶97-104. Wiggins found Inmate guilty of both misconducts. *Id.* ¶105. Inmate appealed to the Program Review Committee, consisting of Defendants Close, Salamon, and Burrows, which upheld the decision. *Id.* ¶106. Inmate then appealed to Smith, and finally to Mostak, both of whom affirmed the decision. *Id.* ¶¶107-108.

By opinion and order dated August 13, 2019, the trial court, *sua sponte*, denied Inmate's IFP petition and dismissed his complaint pursuant to Pa.R.Civ.P. 240(j)(1). The trial court determined that Inmate's constitutional claims could be reduced to one issue, *i.e.*, whether Inmate has a constitutional right to a job within SCI Houtzdale. The trial court opined that Inmate failed to set forth a basis in fact or law to support his constitutional claim that he has a right to employment while incarcerated. Inmate filed the instant appeal from the trial court's order dismissing his complaint as frivolous.[2]

---

[2] On March 2, 2010, Defendants filed an application to quash the appeal as untimely. On April 6, 2020, Inmate filed an answer to the motion, invoking the prisoner mailbox rule and appending a copy of a cash slip demonstrating that the appeal was timely deposited with the prison authorities. Pursuant to the "prisoner mailbox rule," *pro se* legal filings of prisoners are deemed **(Footnote continued on next page…)**

On appeal,[3] Inmate contends that the trial court has misconstrued and misinterpreted his complaint. Inmate asserts that he did not argue that he has a constitutional right to employment nor a particular job assignment. Rather, Inmate claims that he has stated viable federal constitutional claims under Section 1983, and state law claims against DOC Defendants.

However, in our September 15, 2020 Memorandum and Order granting DOC Defendants' Motion to Revoke IFP in this appeal, we stated:

> [Inmate] has previously had at least three cases dismissed on the basis that they were frivolous or failed to state a claim upon which relief may be granted. [Section 6602(e)(2) of the Prison Litigation Reform Act (PLRA),] 42 Pa. C.S. §6602(e)(2).[4] *See Brown v. Wetzel* [(C.P. Centre, No. 2016-194, filed October 5, 2016), *aff'd*, 179 A.3d 1161 (Pa. Cmwlth. 2018)] (dismissed for failure to state a claim)[;] *Brown v. Sayors* [(C.P. Erie, No. 11549-2014, filed February 25, 2015), *aff'd*, (Pa. Cmwlth., No. 1509 C.D. 2015, filed July 13, 2016)] (misconduct-related complaint dismissed for failure to state a claim)[;] *Brown*

---

to be filed on the date they are "given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). In their brief, DOC Defendants withdrew the application to quash. *See* Brief for the Appellees at 5.

[3] "Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Brown v. Beard*, 11 A.3d 578, 580 n.5 (Pa. Cmwlth. 2010) (citation omitted).

[4] Section 6602(e)(2) states, in relevant part:

> Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines . . .
>
> * * *
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted . . . .

*v. Clark* [(C.P. Centre, No. 2015-3149, filed December 21, 2016), *aff'd*, 184 A.3d 1028 (Pa. Cmwlth. 2018)] (defamation claim against prison employee dismissed)[;] *Brown v. Estep* [(C.P. Centre, No. 2016-2577)] (misconduct-related complaint dismissed for failure to state a claim). The present matter does not fall within the exception prohibiting dismissal of a request for preliminary injunctive relief or a temporary restraining order that makes a credible allegation that the prisoner is in imminent danger of serious bodily injury. [Section 6602(f) of the PLRA,] 42 Pa. C.S. §6602(f).[5]

As this Court has explained:

> Although the trial court dismissed [the inmate's] appeal pursuant to [Pa.R.Civ.P.] 240(j), it is well[]settled that an appellate court may affirm the decision of the court below for any valid reason. *P*[*ennsylvania*] *Dep*[*artmen*]*t of Banking v. NCAS of Del*[*aware*]*, LLC*, [948 A.2d 752, 761-62 (Pa.2008)]. Pursuant to Section 6602(f) of the PLRA, a prisoner becomes an abusive litigator and "loses the opportunity to proceed in forma pauperis after he files three prison condition lawsuits that are dismissed as frivolous." *Jae* [*v. Good*, 946 A.2d 802, 807 (Pa. Cmwlth. 2008)]. Where a prisoner has been deemed an abusive litigator, the prisoner can escape dismissal of his prison conditions litigation under the "three strikes rule" only if he "makes a credible allegation that he is in danger of imminent bodily harm and needs injunctive relief." *Id.*

---

[5] Section 6602(f)(1) of the PLRA states:

If a prisoner has previously filed prison conditions litigation and:

(1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2);

. . . the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa. C.S. §6602(f)(1).

The instant action constitutes "prison conditions litigation" within the meaning of Section 6601 of the PLRA because [the inmate] is a prisoner and his allegations relate to the conditions of his confinement and the alleged actions of DOC and U.S. Marshals employees. *See* 42 Pa. C.S. §6601.[6] Furthermore, [the inmate's] status as an abusive litigator is well[]established. *See Brown v. Levy*, 993 A.2d 364 (Pa. Cmwlth. 2010) ("[The inmate] has already exhausted his 'three strikes.'"); *Brown v. P[ennsylvania] Dep[artmen]t of Corrections*, 913 A.2d 301, 306 (Pa. Cmwlth. 2006) ("[The inmate] is a well-qualified abusive litigator within the meaning of the PLRA.")[;] *Brown v. James*, 822 A.2d 128 (Pa. Cmwlth. 2003) (listing Pennsylvania and federal cases filed by [the inmate] which have been dismissed as frivolous)[.] Accordingly, [the inmate] can avoid dismissal of his complaint only if he has made "a credible allegation that [he] is in imminent danger of serious bodily injury" in seeking injunctive relief. 42 Pa. C.S. §6602(f).

*Beard*, 11 A.3d at 580-81.

As outlined above, it has previously been determined that Inmate is an abusive litigator, and that this matter does not fall within the exception prohibiting dismissal of a request for preliminary injunctive relief or a temporary restraining order, under the relevant provisions of Section 6602(f) of the PLRA. Additionally, as detailed above, the claims raised in Inmate's complaint squarely fall within the definition of Section 6601 of the PLRA because they relate to the conditions of his confinement and the alleged actions of the named DOC Defendants. Based on the foregoing, Inmate's complaint could be properly dismissed under Section 6602(f)(2) of the PLRA and the trial court did not err in dismissing Inmate's complaint, albeit on a different basis. *Beard*.

---

[6] Section 6601 of the PLRA defines "[p]rison conditions litigation," in pertinent part, as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison."

Accordingly, the trial court's order is affirmed.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,            :
                                 :
              Appellant    :
                                 :
            v.              :   No. 1696 C.D. 2019
                                 :
CFS1 Reifer, CFSS Albert,     :
CFSS Eckenrode, FSM2 Pitsinger,   :
Hearing Examiner Wiggins,     :
DSCS Bobbi Jo Salamon,      :
PSFM D. Close, Major J. Burrows,   :
Superintendent Barry Smith,     :
Chief Hearing Examiner Mostak    :

# **O R D E R**

AND NOW, this 26th day of October, 2021, the order of the Court of Common Pleas of Clearfield County dated August 13, 2019, is AFFIRMED, and the Application to Quash the above-captioned appeal has been WITHDRAWN.

_____
MICHAEL H. WOJCIK, Judge