IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin M. Hickox,                    :
                                     :
                    Appellant        :
                                     :
            v.                       : No. 371 C.D. 2024
                                     : Submitted:  April 8, 2025
Captain Troyan                       :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED:  May 5, 2025

          Justin M. Hickox (Inmate), an inmate at the State Correctional
Institution-Somerset (SCI-Somerset), appeals the Order of the Somerset County
Court of Common Pleas (trial court) denying his petition to proceed *in forma
pauperis* (IFP), and dismissing his Complaint against Captain Troyan (Officer), a
corrections officer at that prison, as frivolous pursuant to Pa.R.Civ.P. 240(j)(1).[1]
Upon review, we affirm.

          The trial court summarized the relevant allegations in the Complaint as
follows:

------

[1] Pa.R.Civ.P. 240(j)(1) states, in pertinent part:  "If, simultaneous with the commencement
of an action or proceeding . . . a party has filed a petition for leave to proceed [IFP], the court prior
to acting upon the petition may dismiss the action . . . if it is satisfied that the action . . . is
frivolous."

[Inmate's C]omplaint alleges that a policy enacted on February 28, 2020[,] by SCI-Somerset's Superintendent Eric Tice, and later implemented by [Officer], violates the Eighth Amendment's[2] prohibition against cruel and unusual punishment. [Inmate] explains that the Violence Reduction Strategy Procedure ([VRS] Procedure) is triggered "when there is a staff assault, a fight/assault with a weapon, a multi-offender fight/assault of three or more individuals[,] or a fight/assault with serious bodily injury." [Complaint (Compl.)] ¶12. Once the policy is enacted, [Inmate] alleges that the housing unit is placed on a lock-down for thirty-six hours. *Id.* []¶13. During that time, all inmates in that housing unit, whether or not they had something to do with the incident, are prohibited from "movement for showers, phone calls, visits[,] or passes of any kind." *Id.* [¶]¶14-15.

[Inmate] specifically alleges that the [VRS] Procedure was used on June 15, 2023[,] after a three-person fight occurred on the top tier of [Inmate's] housing unit. *Id.* [¶]¶17-18. The fight occurred at 6:00 p.m. and was promptly handled by the response team who took the individuals and placed them into the Restricted Housing Unit. *Id.* [¶]¶17-19. [Inmate] then alleges that at 6:30 p.m., [Officer] made the decision to implement the [VRS] Procedure resulting in the lock-down of all inmates in that housing unit for thirty-six hours. *Id.* [¶]¶20-21. [Inmate] complains that this incident and the policy itself is mass punishment and as such is a form of cruel and unusual punishment. *Id.* []¶32. [Inmate] asks this [c]ourt to rule the [VRS] Procedure [to be] unconstitutional and for it to be abolished. *Id.* at 6.

The civil proceeding brought by [Inmate] is clearly "prison conditions litigation" because his argument is based on the Federal Constitution and because he complains of the "effects of actions by a government party on [his] life" as "an individual confined in prison." [Section 6601 of the Prison Litigation Reform Act

---

[2] U.S. Const. amend. VIII. The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

(PLRA),] 42 Pa. C.S. §6601.[3]   This classification is important because although Pa.R.C[iv].P. 240([j)(1]) gives this [c]ourt the discretion to dismiss an action if we find it to be frivolous[, Section 6602 of the PLRA,] 42 Pa. C.S. §6602[,[4] requires this [c]ourt to dismiss the action if we find it to be frivolous.  An action is frivolous if it "lacks an arguable basis either in law or in fact." Pa.R.C[iv].P. 240(j) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[Inmate's] action lacks an arguable basis in law because he is unable to meet the requirements to succeed on this Eighth Amendment claim.

Trial Court's March 21, 2024 Opinion (Trial Ct. 3/21/24 Op.) at 2-3 (footnote omitted).  Inmate then filed the instant appeal of the trial court's Order.[5]

On appeal, Inmate claims that the trial court erred in denying his IFP petition and dismissing his Complaint because he was entitled to proceed with IFP status, and the Complaint "as filed was meritorious and not frivolous."  Brief of Appellant at 7-8.[6]  We do not agree.

---

[3] Section 6601 of the PLRA defines "[p]rison conditions litigation," in pertinent part, as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison."  42 Pa. C.S. §6601.

[4] Section 6602(a)(2)(iii) of the PLRA provides:  "The court ***shall deny*** [IFP] status to any prisoner where . . .  other grounds exist for the denial of [IFP] status pursuant to the Pennsylvania Rules of Civil Procedure."  42 Pa. C.S. §6602(a)(2)(iii) (emphasis added).  In addition, Section 6602(e)(2) states, in relevant part:  "Notwithstanding any filing fee which has been paid, the court ***shall dismiss prison conditions litigation at any time***, including prior to service on the defendant, if the court determines . . . [t]he prison conditions litigation is frivolous . . . ."  42 Pa. C.S. §6602(e)(2) (emphasis added).

[5] "Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law."  *Brown v. Beard*, 11 A.3d 578, 580 n.5 (Pa. Cmwlth. 2010) (citation omitted).

[6] Specifically, Inmate contends, in pertinent part:
**(Footnote continued on next page…)**

Contrary to Inmate's assertion, we have previously considered and rejected his claim that the VRS Procedure violates his rights as guaranteed by the Eighth Amendment.  Indeed, as this Court explained:

> In order to maintain a claim under the Eighth Amendment based upon prison conditions, an inmate "must satisfy both an objective and subjective test."  *Allah v. Ricci*, 532 [F. App'x] 48[, 51] (3d Cir. 2013).  Under these requirements, an inmate must demonstrate that the deprivation he alleges is "sufficiently serious" and that the correctional institution has deprived him of "minimal civilized measure of life's necessities."  *Id.* . . . . Furthermore, an inmate must also demonstrate that the conditions under which he is confined pose a substantial risk of harm and that the officials who have allegedly deprived the inmate of such necessities did so with a sufficiently culpable state of mind and acted with deliberate indifference to the inmate's health or safety.[]  *Id.*
>
> *Thomas v. Corbett*, 90 A.3d 789, 797 (Pa. Cmwlth. 2014) (internal footnote omitted).  Here, [the inmate] asserts that, during the lockdowns, he was denied the ability to receive visitors, communicate with family members, attend religious services, participate in recreational activities, use the showers, or visit the law library.  Even assuming that these allegations are true, which we must at this stage, such restrictions imposed over the brief time period

This matter is of first impression before this Honorable Court.  Conducting research, [Inmate] could find no cases before this Honorable Court, the trial court[, or] the Supreme Court that has argued the issue that mass punishment [under the VRS Procedure] is a violation of the cruel and unusual punishment clause of the [Eighth Amendment to the United States C]onstitution.  [Inmate] asserts that in fact, it is.

Brief of Appellant at 8.

4

> claimed by [the inmate] cannot support the conclusion that "he was deprived of the 'minimal civilized measure of life's necessities,' . . . or that his health and safety were at risk." *Allah*, 532 F. App'x at 51 (internal citations omitted).

*Rokita v. PA Dep't of Corr.* (Pa. Cmwlth., No. 182 M.D. 2020, filed November 20, 2020), slip op. at 10-11.[7]  Based on the foregoing, it is clear that the trial court did not err or abuse its discretion in denying Inmate's IFP petition, or in dismissing his Complaint, as frivolous based on the sole and exclusive Eighth Amendment claim that he raised therein.

Accordingly, the trial court's Order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[7] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions ... may be cited for their persuasive value.").

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin M. Hickox,            :
                                      :
            Appellant    :
                                        :
             v.               : No. 371 C.D. 2024
                                        :
Captain Troyan           :

# **O R D E R**

AND NOW, this 5th day of May, 2025, the Order of the Somerset County Court of Common Pleas dated March 21, 2024, is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge